UNITED STATES DISTRICT COURT
for the
District of New Hampshire

| | |
|---|---|
| FELICIA M. DESIMINI *In pro se* <br><br> *Plaintiff(s)* <br> v. <br> JOHN F. DURKIN Jr. <br> An Individual <br><br> WILSON, BUSH DURKIN &KEEFE PC <br> A PROFESSIONAL CORPORATION <br> *Defendant(s)* | Civil Action No. 1:14-cv-00112 |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Felicia M. Desimini (Desimini) respectfully moves, Pursuant to Rules 8 and 12(f) of the Federal Rules of Civil Procedure, to strike Defendant John F. Durkin, Jr. and Defendant Wilson, Bush, Durkin & Keefe, PC , collectively referred to as Defendants, affirmative defenses for failure to satisfy the Federal Rules of Civil Procedure pleading requirements and respectfully requests this Honorable Court issue an Order striking and dismissing all conclusory plead affirmative defenses of said Defendants. In support of this motion, Desimini states as follows:

I. FACTS AND PROCEDURAL STATUS

Desimini filed her Complaint for Legal Malpractice and Negligent Misrepresentation on March 14, 2014. (Docket Entry No. 1). Defendants answered on April 4, 2014, (Docket Entry No. 3), without having been served. The First 71 paragraphs are admissions or denials and or a combination thereof without facts in support of said admissions and denials. Supplementing Defendant's Answers are thirteen vacant "AFFIRMATIVE DEFENSES" which assert numerous conclusory affirmative defenses, all without pleading any facts that form the basis for these defenses.

II. ARGUMENT

Rule 12(f) provides that upon a "motion made by a party … within 21 days after being served with a pleading … [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."1 Fed.R.Civ.P. 12(f). In addition, Rule 12(f) may be utilized to test the legal validity of a defense. The motion to strike should be granted only if the insufficiency of the defense is clearly apparent. See Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986). "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." S.E.C. v. Elec. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989).Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law. See EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

Broad affirmative defenses such as laches may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. See Qarbon.com, Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). Plaintiffs are entitled to adequate advance notice of Defendant's theories of defense. Without such, Defendant's conclusory assertions must be stricken. Defendant's conclusory affirmative defenses contain no factual support or context, much less any explanation. These conclusory assertions cannot satisfy the relevant pleading standard under Rule 8.

A motion to strike a defense under FRCP 12(f) is proper "when the defense is insufficient as a matter of law." See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982), cert. denied,459 U.S. 1105 (1983); United States v. Cushman & Wakefield, Inc., 275 F.Supp.2d763, 768 (N.D. Tex. 2002) (citations omitted). Where, as here, the defenses will protract and complicate the litigation and, thereby prejudice the Plaintiff, such defenses will be stricken. See

United States v. Benavides, 2008 WL 362682, *4-5(S.D. Tex. 2008).

"An affirmative defense is subject to the same pleading requirements as is the complaint. . . . It must be pled with enough specificity to give the Plaintiff "fair notice" of the defense being advanced. The recent Supreme Court decision in Bell Atlantic Corp. v. Twombly , clarified the pleading specificity standard, explaining that 'a formulaic recitation of the elements of a cause of action will not do' and that '[f]actual allegations must be enough to raise a right to relief above the speculative level.' T-Mobile USA, Inc., v. Wireless Exclusive USA, LLC, 2008 WL 2600016 (N.D. Tex. 2008) (internal citation omitted).

Defendants have failed to allege sufficient facts to provide Desimini with fair notice of the affirmative defenses in question. Desimini, therefore, requests that this Court strike all of Defendant's affirmative defenses on the basis that they are inadequately pled. This bare-bones boilerplate pleading of affirmative defenses is inadequate. See, e.g., T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC, No. 3:08-CV-0340-G, 2008 WL 2600016, *3 (N.D. Tex. July 1, 2008) ("The defendants' bald assertion that the '[p]laintiff's claims are barred by the doctrine of unclean hands' does not provide T-Mobile with 'fair notice' of the defenses being advanced."); Home Mgmt. Solutions, Inc., 2007 WL 2412834, at *4 (striking estoppel defense after determining that "scant pleading" of the defense "fail[ed] to provide Plaintiff fair notice" because, for example, "as pled there [wa]s no way for Plaintiff to identify what specifically [defendant] claims to have relied upon to give rise to an estoppel"); State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("It is unacceptable for a party's attorney simply to mouth ADs [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense--which is after all the goal of notice pleading."); Poly-America, Inc. v. GSE Lining Tech., Inc., No. 3:96-cv-2690-P, 1998 U.S. Dist. LEXIS 9996 at *22 (N.D. Tex. June 29, 1998). (equitable defenses, laches and estoppel must be pled with particularity); *Microthin.com v. Siliconezone* USA, 2006 U.S. Dist. LEXIS 82976 at *29-30. ("Courts have held time and time again that stringing together a long list of legal defenses is not sufficient to satisfy Rule 8(a)'s

short and plain statement requirement") (internal citation omitted, emphasis added).

Defendant's <u>AFFIRMATIVE DEFENSES</u> ¶¶1-12 needed to provide sufficient factual support to "ensure that an opposing party receives fair notice of the factual basis" for the assertion of each affirmative defense. Haley Paint, 279 F.R.D. 331. Defendants have offered no support of the factual basis for these affirmative defenses.

Defendant's <u>AFFIRMATIVE DEFENSES</u> ¶13    "This matter has just commenced and the defendants respectfully reserve the right to add additional affirmative defenses as may be appropriate." This is not an affirmative defense and should be struck from the record.

The record in this case is devoid of factual support for these defenses and Defendants have made no attempt to introduce or allege any similar supporting facts. No facts are contained in Defendant's pleadings other than admissions or denials of the facts alleged in Desimini's Complaint and no notice is given as to how or why any of Defendant's alleged affirmative defenses apply. Defendant's affirmative defenses fail to provide "fair notice" to Desimini, thus they should be stricken. Additionally many of Defendant's "affirmative defenses" are duplicative and beg the question of how defendant is applying such defenses and if they even apply. "An affirmative defense that simply raises the same issue that has been already been raised … is repetitive and adds nothing to the litigation and therefore should be struck. "Surface Shields, Inc. v. Poly-tak Protective Sys., 213 F.R.D. 307, 308 (N.D. Ill. 2003)(striking two affirmative defenses restating the standard for evaluating a motion to dismiss under Rule 12(b)(6) as clutter).

III. CONCLUSION

Each of Defendant's affirmative defenses are simply a cursory, legal conclusion lacking any allegation of fact, and thereby fails to provide a sufficient basis for asserting the legal conclusion it presupposes. ¶ 13 is not even an affirmative defense and accordingly, Plaintiff respectfully request that this Honorable Court strike Defendant's AFFIRMATIVE DEFENSES ¶¶ 1-13 from Defendant's Answer so that this litigation may move forward with judicial economy in mind.

Respectfully submitted,

Date: April 12, 2014                                           /s/ *Felicia M. Desimini*
                                                                          FELICIA M. DESIMINI in pro se

                                                                          Address: 4409 E CRANE RD

                                                                          WASILLA AK, 99654

                                                                          email address  feliciadesimini@gmail.com

                                                                          Telephone No. 907-631-3531


CERTIFICATE OF SERVICE

I, Felicia M. Desimini, hereby certify that a copy of the foregoing was transmitted to Defendant's attorney(s) Joseph G. Mattson of Wadleigh, Starr & Peters, PLLC, via the ECF system, this day.

Date: April 12, 2014  /s/  Felicia M. Desimini