# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Felicia Desimini**<br><br>    **Plaintiff**<br><br>  v.<br><br>**John F. Durkin, Jr. and**<br>**Wilson, Burke, Durkin & Keefe, P.C.**<br><br>    **Defendants** | **Docket No. 1:14-CV-00012** |

### DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:**

  Electronic correspondence and telephone conference completed no later than April 25, 2014.

**COUNSEL PRESENT/REPRESENTING:**

  **Plaintiff:**  , *pro se*

  **Defendant:** Jeffrey H. Karlin, Esq. and

       Joseph G. Mattson, Esq.

1

# CASE SUMMARY

**PLAINTIFF'S THEORY OF LIABILITY:**

Plaintiff seeks damages from Defendant Durkin for legal malpractice and negligent misrepresentation during Plaintiff's divorce as well as for legal malpractice against Defendant firm for destroying her file while Defendant Durkin was representing her and attempting to collect on the mediated settlement Defendant Durkin negotiated for the Plaintiff and the resultant damages thereafter.

**DEFENDANT'S THEORY OF DEFENSE:**

Defendants claim they provided legal representation that was reasonable, appropriate and consistent with the standard of care, even while representing her before, during and after they purged the Plaintiff's file.

**DAMAGES:**

Plaintiff is entitled to damages as a result of the legal malpractice, the negligent misrepresentation, the firm's negligence and the resulting and compounding damages.

**DEMAND:**

Plaintiff shall make a demand on or before September 1, 2014.

**OFFER:**

Defendant shall respond to Plaintiff's demand on or before October 15, 2014.

**JURISDICTIONAL QUESTIONS:**

The parties do not anticipate any jurisdictional questions. Hence the Defendants' first affirmative defense should be stricken.

**QUESTIONS OF LAW:**

The parties anticipate no questions of law at this time.

**TYPE OF TRIAL:**   Jury trial.

## DISCOVERY

**TRACK ASSIGNMENT:**

Standard

**DISCOVERY NEEDED:**

The parties anticipate exchanging interrogatories and requests for production, as well as taking depositions.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

The parties shall serve mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than June 2, 2014.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f):**

The parties shall confer in good faith and agree to allow electronic discovery in a manner proportional to the issues in this case, but recognize that such discovery may need to be expanded and  necessary to facilitate justice.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f):**

The parties agree that the inadvertent disclosure of privileged information does not constitute a waiver and that, if notice of inadvertent disclosure is given pursuant to Fed. R. Civ. P.

26(b)(5), the party receiving the privileged information will promptly return the specified information together with any copies, and will not use or disclose the information for any purpose.  To the extent the information has already been disclosed by the receiving party, the party shall take reasonable measures to retrieve the information or halt its further use or distribution.  If the parties are unable to agree on a claim of privilege, the issue may be submitted to the Court for resolution by proper motion.

**COMPLETION OF DISCOVERY:**

Fact discovery shall be completed by January 5, 2015.

**INTERROGATORIES:**

There shall be a maximum of twenty five interrogatories by each party to the other party. Responses shall be due thirty days after service of interrogatories unless otherwise agreed.

**REQUESTS FOR ADMISSION:**

There shall be a maximum of twenty five requests for admission by each party to the other party.  Responses shall be due thirty days after service of requests for admission unless otherwise agreed.

**DEPOSITIONS:**

The parties agree to follow the default rules governing deposition practice set forth in the Federal Rules of Civil Procedure.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff shall disclose her expert witness(es) and Defendants shall disclose their expert witness(es) and his/their reports no later than October 6, 2014.

**CHALLENGES TO EXPERT TESTIMONY:**

November 3, 2014.

## OTHER ITEMS

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

The parties will identify whether any third party is liable for the alleged damages on or before September 8, 2014.

**JOINDER OF ADDITIONAL PARTIES:**

The parties shall file all motions, if any, pursuant to Fed. R. Civ. P. 13(h), 19 and 20 no later than September 8, 2014.

**THIRD-PARTY ACTIONS:**

The parties shall file all motions, if any, pursuant to Fed. R. Civ. P. 14 no later than September 8, 2014.

**AMENDMENT OF PLEADINGS:**

The parties shall file all motions, if any, pursuant to Fed. R. Civ. P. 15 no later than September 8, 2014.

**DISPOSITIVE MOTIONS:**

The parties shall file Motions to Dismiss, if any, no later than September 8, 2014.

The parties shall file Motions for Summary Judgment, if any, no later than the close of discovery.

**SETTLEMENT POSSIBILITIES:**

Plaintiff is willing to work toward an amicable settlement but Defendants are uncertain as to whether settlement will be possible, but appear agreeable to work toward a good faith settlement.

**JOINT STATEMENT RE MEDIATION:**

The Plaintiff is willing to meet for mediation within the next few months to explore mediation to pursue the possibility of reaching a settlement since Defendants have been gathering discovery for years.

**WITNESSES AND EXHIBITS:**

Due ten days before final pretrial conference, but not less than thirty days before trial for lists (included in final pretrial statements) and objections due fourteen days after service of final pretrial statement – set by clerk's notice of trial assignment.

**TRIAL ESTIMATE:**

The parties estimate the trial will take five days.

**TRIAL DATE:**

The parties request that trial be scheduled during the weeks of July 18nd, and 25th, 2015.

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties do not believe a preliminary pretrial conference is needed.

**OTHER MATTERS:**

No other matters at this time.

Respectfully submitted,

Date: __May1st_, 2014            /s/ Felicia M. Desimini

                                                     Felicia M. Desimini
                                                     4409 E. Crane Rd
                                                     Wasilla, AK 99654
                                                     (907)-631-3531

### CERTIFICATION

I hereby certify that a copy of the foregoing was this date forwarded to:

                                                     Joseph G. Mattson
                                                     95 Market Street
                                                     Manchester, NH 03101
                                                     (603) 669-4140

                                      By:   /s/ Felicia M. Desimini

                                                     Felicia M. Desimini

g:\d52000\52157\pleadings\discovery plan.doc