UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Felicia Desimini<br><br>Plaintiff<br><br>v.<br><br>John F. Durkin, Jr. and<br>Wilson, Burke, Durkin & Keefe, P.C.<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>) Docket No. 1:14-CV-00012<br>)<br>)<br>)<br>) |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

**I INTRODUCTION**

Now comes the Plaintiff, Felicia M. Desimini and she does file her Memorandum of Law in Support of her currently-filed Motion to Strike ("Motion"). Desimini does incorporate by reference the facts as stated in her Motion (Docket Entry 5) and in her Original Complaint (Docket Entry 1).

Defendant Durkin is an attorney and has known he and his firm purged Plaintiff Desimini's divorce file a little over two years ago, within months of settling her divorce while negotiating and representing her interests to collect her mediated settlement. Durkin is aware of the issues, he and his firm has had time to prepare a defense. The Defendants waived personal jurisdiction of this Court as they were not served. The Defendants were not required to answer the complaint, yet chose to answer in a vague, conclusory manner. Plaintiff Desimini wanted to wait until the summer months to perfect

service when she was not teaching so she could focus on responsive pleadings, discovery and moving the case forward in an expeditious manner after perfecting service. Durkin had Plaintiff communicate and exchange documents with Attorney Russell Hilliard prior to her filing this suit and she was going to serve Attorney Hilliard with her pleadings when she was ready to perfect service. The Defendants have been provided some discovery through Attorney Hilliard. It appears that the Defendants were ready to go forward or they would not have answered without service of process. Desimini is not an attorney and has followed the Fed. R. Civ. P. specifically rule 8 a-c and the Supreme Court rulings in *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*, the rulings since, and has pled her pleadings with specificity as should the Defendant Durkin and his fellow Defendant Attorneys.

The Defendants' woefully vacant pleadings are much like those in their cited case of InvestmentSignals, LLC v. Irrisoft, Inc.,2011 WL 3320525, *2 (D.N.H. 2011) where a Justice in this Court *"noted at the outset, InvestmentSignals has pled its claims with no greater specificity than the challenged counterclaims advanced by Irrisoft."* Plaintiff Desimini has not filed a patent claim as the parties had in the InvestmentSignals, LLC v. Irrisoft, Inc.,2011 WL 3320525, *2 (D.N.H. 2011).

Desimini was looking for the Defendants to state their claims and was not looking for evidence to be pled in their claims and affirmative defenses, but for their pleadings to be pled respectfully and with notice and specificity to herself and this Honorable Court.

*"A party asserting an affirmative defense is not required to plead evidentiary facts, merely a short, plain statement of facts giving rise to the affirmative defense."* (Smithville 169 v. Citizens Bank & Trust Co.,U.S. Dist. LEXIS 512, January 4, 2012.)

There are no facts pled in the defendants' affirmative defenses.

The Defendants should not be putting forth "boilerplate defenses" which "clutter dockets and expand discovery" (see 5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d. ed. 2012)).

**II ARGUMENT**

The Plaintiff has motioned this Honorable Court to act and hereby incorporates Her Complaint (*1) and Motion to Strike (* ) (Motion) and points out that the Defendants' AFFIRMATIVE DEFENSES all qualify to be struck from the record under 12(f) for lacking sufficiency, being redundant, immaterial, impertinent, and several for being redundant and scandalous:

1. The Court lacks subject matter jurisdiction.

    " "If Defendant truly believes the Court lacks jurisdiction, a motion to that effect should be filed instead of simply claiming 'Plaintiff's claims are barred by lack of subject-matter jurisdiction. Sch. of the Ozarks, Inc. v. Greatest Generations Found., Inc., 2011 U.S. Dist. LEXIS 37850

    Defendants have admitted to paragraphs 2&3 of the Plaintiff's complaint and they do conduct business in the State of New Hampshire, the amount in controversy exceeds the threshold of this Court and the Plaintiff is a resident of the State of Alaska. Defendants have failed to avail themselves of their 1st Affirmative Defense which should be stricken,

2. The Defendants' conduct was not a proximate cause or a cause in fact of the Plaintiff's alleged harm.

Which cause, which harm? How so? The Plaintiff's well-pleaded fact-based pleading was before the Defendants. Again the Defendants have not provided the Plaintiff or the Court with any factual basis for this defense. Defendants are

attorneys, are represented by attorneys, and were not served with a summons to appear. Why they rushed into this Honorable Court without service and conclusory, fact-less affirmative defenses is a question that needs to be answered. But for the Defendants to allege "defendant must decide what affirmative defenses to plead within the brief time he has to answer" is a falsity. Moreover, the Federal Rules of Civil Procedure prohibit such vagueness and ambiguity Fed. R. Civ. P. 12(e).

"Most district courts, including this one, have determined that the heightened pleading standard enunciated in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 677-84 (2009) apply to affirmative defenses. See, e.g., Haley Paint Co. v. E.I. DuPont de Nemours and Co., 279 F.R.D. 331 (D. Md. 2012); Bradshaw v. Hilco Receivables, LLC, 725 F.Supp.2d 532, 536 (D. Md. 2010). As a result, Defendant needs to provide sufficient factual support to 'ensure that an opposing party receives fair notice of the factual basis' for the assertion of each affirmative defense. Haley Paint, 279 F.R.D. 331. The pleading standard requires that the 'non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant.' Id. (citing Ulyssix Techs., Inc. v. Orbital Network Engineering, Inc., No. ELH-10-2091, 2011 WL 631145 at * 15 (D. Md. Feb. 11, 2011)). Although Plaintiff requests that Defendant's two affirmative defenses be stricken, that action is disfavored because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

The Plaintiff cannot determine how this defense applies and has not been given notice how this defense applies to her complaint.

3. The Defendants contest the nature, extent and cause of Plaintiff's injuries.

The Defendants have not stated an affirmative defense in this instance. This is a denial and thus should be struck from the record or treated as a denial.

4. The Plaintiff's comparative fault bars or reduces Plaintiff's damages.

Again the Defendants have failed to specify which of the Plaintiff's claims applies to this particular defense. This defense is duplicative and redundant of other defenses presented; specifically affirmative defense 2,7,10 and 12 but because this defense is especially vague and fact-free, the Plaintiff has not been given notice how or where this defense applies or if it applies.

5. The defendants contest the nature, extent and cause of Plaintiff's injuries.

The Defendants again have not stated an affirmative defense as this is a denial and thus this should be struck from the record or treated as a denial.

6. The complaint fails to state a cause of action as a matter of law.

The Defendants have not stated an affirmative defense in this instance. This is a denial and thus should be struck from the record or treated as a denial. "failure to state a claim, is 'not an affirmative defense."Kohler v. Big 5 Corp., 2012 U.S. Dist. LEXIS 62264, 2012 WL 1511748, *3 (C.D. Cal. 2012) Defendants' 13th catchall affirmative defense "is just a reservation to add more affirmative defenses at a later stage of the litigation. This is not a defense of any kind." Gonzalez v. Heritage Pac. Fin., LLC, 2012 U.S. Dist. LEXIS 112195, 2012 WL 3263749, *3 (C.D. Cal. 2012).

7. The Plaintiff's alleged damages result from a superseding, intervening cause. Once more the defendants have failed to specify which of the Plaintiff's claims applies to this particular defense and is duplicative and redundant of other defenses presented specifically (2,7,10 and 12)  but because this defense is especially vague and fact free the Plaintiff must ask for notice of how or where it applies. It seems like something or someone else is at fault other

than the Defendants according to their pleadings, but the Plaintiff cannot determine when, what, or why from the pleading. To ferret out what the Defendants rely on for this defense may take months of discovery and such that Plaintiff respectfully requests that this affirmative defense be struck as well.

8. The claim is barred to the extent that the Plaintiff has failed to mitigate her loss.

Which loss? The loss of her home, her retirement account, the settlement Durkin negotiated for her, the loss of her file Durkin and Wilson Bush Durkin & Keefe purged and the resultant losses since? The Plaintiff's losses have been numerous and she has listed them throughout her complaint. Defendants have failed to give notice to the Plaintiff of this defense as to how or why it applies, and this defense is duplicative (redundant) of other defenses presented specifically (2,7,10,and 12);but because this defense is especially vague and fact free. Evidently the Defendants deflect blame onto someone else, something else, and claim it is the Plaintiff's fault that she failed to stop the resultant harms after the firm purged her file and destroyed the attorney-client relationship in the midst of Durkin's representation of her in regards to the settlement he negotiated a few months earlier.

9. The Complaint is untimely and the Complaint and the claims within the Complaint are time-barred by the applicable stature of limitations.

*V/G Inv., Inc. v. M/V Pac. II , 2012 U.S. Dist. LEXIS 104836* "The Court notes, however, that …. Form 30 … demonstrates that even defendants who utilize these forms are required to plead facts and not merely legal conclusions. Specifically, this form contains a "because" clause that requires the Defendant to detail the number of years before the action commenced that a Plaintiff's claim arose. In other words, this form clearly anticipates that a proper affirmative

defense will include some details as to why the defense applies to a specific claim at issue."

    *Form 30* Affirmative Defense--Statute of Limitations

    6. The Plaintiffs claim is barred by the statute of limitations because it arose

    more\_\_\_\_\_ than years before this action was commenced.

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the Plaintiff's pleadings." Santana-Castro v. Toledo-Davila, 579 F.3d 109, 113-14 (1st Cir. 2009.)

Yet again, the Defendants have failed to base their defense on any facts or

notice to which the Court or the Plaintiff can base this defense and prepare for

trial. The Plaintiff respectfully requests that this defense be stricken.

10. Other parties over whom the defendants did not exercise control are responsible for the Plaintiff's alleged loss.

Again the Plaintiff questions if this is an affirmative defense and rather another

denial and thus should be stricken.

11. The Plaintiff's claims are barred by the doctrine of waiver and estoppel.

The plaintiff respectfully reminds the Defendants that they have not plead any

facts on which the Plaintiff or the Court can base and prepare for this defense

and to strike this defense is the only logical course.

    "As in Woodfield, Software Publishers, and TracFone, Courtesy's assertions of 'waiver, release, estoppel, or unclean hands' are not accompanied by any factual allegations giving notice of the nature of the defense.." EEOC v. Courtesy Bldg. Servs., 2011 U.S. Dist. LEXIS 5938 (N.D. Tex. Jan. 21, 2011)

    "The defense 'is barred by the doctrine of estoppel by its own words and actions and upon which [Cardiology Associates] relied and acted, including with regard to the alleged Agreement and [Odyssey's] prior representations to its prejudice. . . .There are no facts alleged in any of the pleadings that makes this defense contextually comprehensible." Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC, 752 F. Supp. 2d 721, 2010 U.S. Dist. LEXIS 125175 (W.D. Va. 2010)

12. Fault in this case must be apportioned pursuant to New Hampshire law. <u>See, e.g., DeBenedetto v CLD Consulting Engineers, Inc.,</u> 153 N.H. 793, 804 (2006**)**

The Plaintiff asks that this defense be amended and pled and developed with fair

notice and either be amended or stricken.

13. This matter has just commenced and the defendants respectfully reserve the right to add additional affirmative defenses as may be appropriate.

This is not an affirmative defense. Plaintiff is concerned that she has been

exchanging discovery with the Defendants and their Attorney Hilliard since July

of 2013. For the Defendants to state that this matter has just commenced and

that they have "not had time to gather discovery" "before discovery has even

commenced" is an attempt by the Defendants to mislead the Court.

## III CONCLUSION

Since the Supreme Court's decisions in Twomby and Iqbal, several courts have

addressed whether the new pleading standard applies to affirmative defenses.

"The majority of courts addressing the issue, have applied the heightened pleading standard announced in Twomby, and further clarified in Iqbal, to affirmative defenses." Hayne v. Green Ford Sales Inc., 263 F.R.D. 647, 649-–50 (D. Kan. 2009) This Honorable Court has noted in InvestmentSignals, LLC v. Irrisoft, Inc.,2011 WL 3320525, *2 (D.N.H. 2011)

"Each of Irrisoft's counterclaims is consistent with the pleading requirements embodied in Form 18 and contains a short and plain statement of why Irrisoft believes it is entitled to relief. See Fed. R. Civ. P. 8(a)." Additionally this Court acknowledged the pleading standards of Form 30 for other non-patent cases "See generally Fed. R. Civ. P. App. Form 30 ("Answer Presenting Defenses Under
Rule 12(b)(6)")." *Id.*

"While the language of Fed. R. Civ. P. 8(a) and 8(b) is certainly not identical, those sections contain important textual overlap, with both subsections requiring a short and plain statement of the claim or defense. Additionally, Form 30, appended to the Federal Rules pursuant to Fed. R. Civ. P. 84, strongly suggests that bare-bones assertions of at least some affirmative defenses will not suffice, as the Form's illustration

of a statute of limitations' defense sets forth not only the name of the affirmative defense, but also facts in support of it. Given Rule 84's focus on illustrating the simplicity and brevity that these rules contemplate, the additional factual detail contained in Form 30 is hardly superfluous." Barry v. EMC Mortgage, No. 8:10-cv-3120, 2011 U.S. Dist. LEXIS 104265, at *9 (D. Md. Sept. 15, 2011);

"Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." Hansen v. ABC Liquors, Inc., 2009 U.S. Dist. LEXIS 108954, 2009 WL 3790447 *1 (M.D. Fla. November 9, 2009). Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the Plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Hansen, 2009 U.S. Dist. LEXIS 108954, 2009 WL 3790447 at *1 (citing Bell Atlantic Corp. v. Twomby, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed.2d 929(2007)).

"For these reasons, the Court will review the sufficiency of Defendants' affirmative defenses under the "fair notice" pleading standard. ..The Court STRIKES Defendants' …affirmative defenses WITH LEAVE TO AMEND" Polk v. Legal Recovery Law Offices, 291 F.R.D. 485, 2013 U.S. Dist. LEXIS 86555, 85 Fed. R. Serv. 3d (Callaghan) 1614 (S.D. Cal. 2013)

Sophisticated in law and represented by lawyers, the Defendants have a better grasp of the nuances of the Court than does the Plaintiff. For the Defendants to assert that discovery has just begun is an attempt by the Defendants to continue with their prejudicial stance, when they have gathered discovery throughout the Plaintiff's divorce, purged that discovery, hired attorneys who have gathered additional discovery, answered the Plaintiff's complaint without process of service, pleading affirmative defenses which lack any factual basis and then taking a "not had time to gather discovery" stance is a misrepresentation. Defendants do not assert any facts in support of their claims such that there is no basis to conclude their claims are in any way plausible. The Plaintiff has shown that (1) there is no question of fact which might allow the defense to succeed (the defendants have pled none); (2) there is no question of law which might allow the defense to succeed (without facts to support the questions of law,

failure is imminent); and (3) the plaintiff would be prejudiced by inclusion of the defense (the Plaintiff will be prejudiced by the Defendants' inclusion of conclusory defenses as they have had time to prepare since July, 2013.) From the Plaintiff's limited research, she finds that a majority of cases applying the Twombly pleading standard to affirmative defenses and then striking those defenses, those Courts have permitted the Defendant leave to amend, Fed. R. Civ. P. 15. It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case.

WHEREFORE the Plaintiff asks this Honorable Court to:

A. Strike the Defendants' affirmative defenses which this Court finds are not affirmative defenses,

B. Strike the Defendants' affirmative defenses, which do not meet the pleading standards of this Court, and Grant the Defendants Leave to Amend their affirmative defenses, if this Honorable Court so chooses

C. Any other relief this court finds just and met.

Respectfully submitted,

Date: May 1, 2014          /s/ *Felicia M. Desimini*
FELICIA M. DESIMINI in pro se
Address: 4409 E CRANE RD
WASILLA AK, 99654
email address  feliciadesimini@gmail.com
Telephone No. 907-631-3531

CERTIFICATE OF SERVICE

I, Felicia M. Desimini, hereby certify that a copy of the foregoing was transmitted to Defendant's attorney(s) Joseph G. Mattson of Wadleigh, Starr & Peters, PLLC, via the ECF system, this day.  Date: May 1, 2014  /s/  Felicia M. Desimini