UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

* * * * * * * * * * * * * * * * * * * *
Felicia M. Desimini )
    Plaintiff )
   )
v. )
   )
John F. Durkin, Jr. )
    and )      Civil Action No. 1:14-cv-00112-JD
Wilson, Bush, Durkin & )      DEMAND FOR JURY TRIAL
Keefe, PC )
    Defendants )
* * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

1.      Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Strike Defendants' Affirmative Defenses is procedurally defective, and, more importantly, presents no valid reason for this Court to strike Defendants' affirmative defenses.

2.      The Reply is procedurally defective for two reasons.  First, Plaintiff filed it without seeking leave, and "[a] memorandum in reply to an objection or opposition to a nondispositive motion shall not be permitted without prior leave of court." L.R. 7.1(e)(2). Second, Plaintiff's Reply goes beyond the narrow question she raised in her Motion to Strike: "whether [Defendants'] affirmative defenses should be stricken for insufficiency." See Doc. No. 6, p. 2, ¶ 6.

3.      If Plaintiff wanted to address individually each of Defendants' defenses, she should have done so in her Motion to Strike, and Defendants would have replied to such individual arguments in their Objection. See Sabinson v. Trustees of Dartmouth Coll., 2007 WL 4191943, *1 (D.N.H. 2007)("a reply memorandum is 'restricted to rebuttal of factual and legal

arguments raised in the objection or opposition memorandum.'"). The Court should not permit Plaintiff to raise arguments in reply that she did not raise in her original Motion.

4.      Substantively, Plaintiff's Reply does not justify striking Defendants' affirmative defenses.

5.      Plaintiff again asks this Court to apply the pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (U.S. 2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (U.S. 2009) to Defendants' affirmative defenses.  The Court should not do so.

6.      Plaintiff cites *InvestmentSignals, LLC v. Irrisoft, Inc.*, 2011 WL 3320525, *1 (D.N.H. 2011) in support of her position, but she misreads the case.  In that case, Judge McAuliffe was addressing two different motions—a motion to dismiss counterclaims, and a motion to strike affirmative defenses—and he recognized that "the sufficiency of [the defendant's] counterclaims is measured by one standard, while the sufficiency of its affirmative defenses is measured by a different standard." Id.

7.      He went on to write that "with respect to affirmative defenses, *Twombly* and *Iqbal* simply do not apply." InvestmentSignals, LLC v. Irrisoft, Inc., 2011 WL 3320525, *3 (D.N.H. 2011).  There is no reason to apply them to the instant case, either. Id.; see also, e.g., Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc., 287 F.R.D. 119, 123 (D. Mass. 2012)( "Any potential efficiency gained by applying *Twombly* does not outweigh the burden on defendants. While plaintiffs have the statute of limitations period to prepare their complaints and to find supporting facts, defendants have only 21 days to respond.").

8.      Although discovery may prove Plaintiff correct, and demonstrate that some of Defendants' proffered affirmative defenses do not apply to this action, courts "ha[ve] never once lost sleep worrying about defendants filing nuisance affirmative defenses and consider[] the risk

that defendants would file nuisance affirmative defenses sufficiently small so as not to warrant extending *Twombly* and *Iqbal*." <u>Leon v. Jacobson Transportation Co., Inc.</u>, 2010 WL 4810600, *1 (N.D. Ill. 2010).

9.      Finally, even if some of Defendants' affirmative defenses could be more appropriately characterized as denials, as opposed to affirmative defenses, an answer may include specific denials, Fed. R. Civ. P. 12(b)(3), and Plaintiff moved *only* to strike "insufficient" affirmative defenses under Rule 12(f).  Striking any matter from Defendants' Answer *other* than affirmative defenses is outside the relief sought in Plaintiff's Motion.

WHEREFORE, Defendants respectfully request that this Court: A) Enter its Surreply as Stated; and B) Deny Plaintiff's Motion to Strike.


                                        Respectfully submitted,

                                        **John F. Durkin, Jr. and**
                                        **Wilson, Bush, Durkin & Keefe, PC**

                                        By their Attorneys,

                                        **Wadleigh, Starr & Peters, PLLC**

Date:   May 14, 2014                    /s/ Joseph G. Mattson
                                        Joseph G. Mattson, NHBA #19287
                                        95 Market Street
                                        Manchester, NH  03101
                                        (603) 669-4140
                                        jmattson@wadleighlaw.com

CERTIFICATE OF SERVICE

I served a copy of the foregoing on Plaintiff Felicia Desimini, *pro se*, 4409 E. Crane Road, Wasilla, AK, 99654, via ECF, on May 14, 2014.

By:/s/ Joseph G. Mattson
Joseph G. Mattson

G:\D52000\52157\pleadings\Defendants Surreply Re Affirmative Defenses.docx