UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Felicia M. Desimini

    v.                                Civil No. 14-cv-112-JD
                                         Opinion No. 2014 DNH 122
John F. Durkin, Jr. and
Wilson, Bush, Durkin & Keefe, PC


O R D E R


    Felicia M. Desimini, proceeding pro se, filed a complaint
against her former attorney, John F. Durkin, Jr., and his law
firm, Wilson, Bush, Durkin & Keefe, PC, alleging claims for legal
malpractice, negligent misrepresentation, and "superior
respondeat breach of fiduciary duties legal malpractice" that
arose from Durkin's representation of her during her divorce
proceedings.  The defendants filed their answer on April 4, 2014.
Desimini moves to strike the defendants' affirmative defenses on
the grounds that the defenses are pleaded in a conclusory manner
and are insufficient as a matter of law.  The defendants object.

    After the defendants filed their objection to Desimini's
motion to strike, Desimini filed a "Memorandum of Law in Support
of Plaintiff's Motion to Strike Defendants' Affirmative
Defenses."  The filing was docketed as Desimini's reply to the
defendants' objection.  The defendants now move for leave to file
a surreply in which they argue that Desimini's Memorandum is
procedurally defective and misapplies the law.  The court has
considered both Desimini's reply and the defendants' surreply.

<u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(f), "[t]he court
may strike from a pleading an insufficient defense or any
redundant, immaterial, impertinent, or scandalous matter."
Defendants must "affirmatively state any avoidance or affirmative
defense."  Fed. R. Civ. P. 8(c).  "Rule 8(c) is designed to
provide plaintiffs with adequate notice of a defendant's
intention to litigate an affirmative defense, thereby affording
an opportunity to develop any evidence and offer responsive
arguments relating to the defense."  <u>Davignon v. Clemmey</u>, 322
F.3d 1, 15 (1st Cir. 2003); <u>see also</u> 5 C. Wright & A. Miller,
<u>Federal Practice & Procedure</u> § 1274 (3d ed. updated Apr. 2014).

Courts generally do not view motions to strike affirmative
defenses favorably.  <u>See</u> 5C C. Wright & A. Miller, <u>Federal
Practice & Procedure</u> § 1381 (3d ed. 2004); <u>Raymond Weil, S.A. v.
Theron</u>, 585 F. Supp. 2d 473, 489 (S.D.N.Y. 2008).  Some courts,
however, require defendants to do more than simply name an
affirmative defense.  <u>Hallmark v. Cohen & Flamowitz, LLP</u>, 2014 WL
2028426, at *3 (W.D.N.Y. May 16, 2014) (citing <u>Godson v. Eltman,
Eltman & Cooper, P.C.</u>, 285 F.R.D. 255, 259 (W.D.N.Y. 2012)).
Other courts allow affirmative defenses to be pleaded in general
terms as long as the pleading is sufficient to put the plaintiff
on notice as to the nature of the defense.  <u>Barrett v. Americast,
Inc.</u>, 2014 WL 1689737, at *3 (N.D.W.Va. Apr. 29, 2014).  Courts
in the Seventh Circuit apply a three-part test to determine
whether to strike an affirmative defense.  <u>Intercon Solutions,</u>

2

<u>Inc. v. Basel Action Network</u>, 969 F. Supp. 2d 1026, 1059 (N.D. Ill. 2013).

District courts in the First Circuit apply different standards to motions to strike affirmative defenses.  Some interpret Rule 12(f) to impose the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Bryan Corp. v. Chemwerth, Inc.</u>, 2013 WL 6489785, at *1 (D. Mass. Dec. 9, 2013).  Others are more lenient in evaluating the sufficiency of an affirmative defense. <u>Telecom Brokerage, Inc. v. Gryphone Telecom Consultants, LLC</u>, 2014 WL 407725, at *2 (D. Mass. Jan. 31, 2014) (motions to strike disfavored); <u>Residential Funding Co., LLC v. Randle</u>, 2013 WL 6195624, at *3 (D. Mass. Nov. 25, 2013) (holding that motion to strike may be granted only if it is clear "beyond cavil" that the defendant cannot succeed on the asserted defense); <u>U.S. S.E.C. v. Northern</u>, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (same); <u>United States v. Belanger</u>, 799 F. Supp. 2d 98, 101 (D. Me. 2011) (affirmative defense may be struck if its legal insufficiency is "clearly apparent"); <u>Planalto v. Ohio Cas. Ins. Co.</u>, 2008 WL 2116608, at *9 (D. Me. May 19, 2008) (same).  Another judge in this court explained that different standards apply under Rules 8(a) and 8(c) and that affirmative defenses are adequately pleaded if the answer provides fair notice of the issue. <u>Investmentsignals, LLC v. Irrisoft, Inc.</u>, 2011 WL 3320525, at *2 (D.N.H. Aug. 1, 2011) (citing Fed. R. Civ. P. Appx. Form 30).

## Discussion

The defendants allege the following affirmative defenses in their answer: that subject matter jurisdiction is lacking; that their conduct was not the cause of the plaintiff's alleged harm; that they deny fault, liability, and breach of duty; that the plaintiff's comparative fault bars or reduces her damages; that they contest the nature, extent, and cause of the plaintiff's injuries; that the complaint fails to state a cause of action; that the plaintiff's damages resulted from a superseding, intervening cause; that "the claim" is barred due to the plaintiff's failure to mitigate her loss; that the complaint is untimely and is time barred by the applicable statute of limitations; that other parties are responsible for the plaintiff's loss; that the claims are barred by the doctrines of waiver and estoppel; that fault must be apportioned under DeBenedetto v. CLD Consulting Eng'rs, Inc., 153 N.H. 793 (2006); and that the defendants reserve the right to add defenses. Desimini contends that the defendants have not sufficiently pleaded their defenses and that they must be struck pursuant to Rule 12(f).

If the Rule 12(b)(6) standard applied to motions to strike affirmative defenses pursuant to Rule 12(f), the defendants' affirmative defenses would be struck as insufficient.  As is noted above, however, the applicable standard is far from clear. When they filed their answer, therefore, the defendants were not on notice that any pleading standard applied other than the

4

requirement under Rule 8(c) that affirmative defenses must be stated.  Under the particular circumstances here, a lenient approach is advisable.

Nevertheless, some of the asserted affirmative defenses appear to be insufficient or immaterial even at this early stage in the case.  In the parties' proposed discovery plan, filed on April 20, 2014, and approved on May 5, 2014, they stated:  "The parties do not anticipate any jurisdictional questions."  That statement contradicts the affirmative defense that the court lacks subject matter jurisdiction.  Therefore, Affirmative Defense number 1 is struck as immaterial.

In addition, the defendants describe their theory of defense in the discovery plan as follows:  "Defendants provided legal representation that was reasonable, appropriate, and consistent with the standard of care."  As such, they did not include any of the affirmative defenses asserted in their answer other than their denials of fault and challenges to the sufficiency of Desimini's claims.  Further, the defendants' statute of limitations defense does not comply with the requirements of Federal Rule of Civil Procedure Appendix Form 30, paragraph 6.

To the extent Desimini challenges Affirmative Defense number 13 because it merely reserves the right to add defenses, that issue is addressed in the discovery plan that provides September 8, 2014, as the deadline for amendment of the pleadings.  Similarly, the issues Desimini raises about defenses based on the actions of others are matters that must be disclosed through the

discovery process and in accordance with the schedule set by the discovery plan.

To avoid confusion in this case, particularly because the plaintiff is proceeding pro se, the defendants shall file an amended answer that asserts only those affirmative defenses that they reasonably believe, at this stage, pertain to the claims Desimini has alleged against them.  They also shall provide a concise statement of the factual bases for each affirmative defense that is asserted in the amended answer.  The defendants are reminded that a scattershot approach to pleading is neither favored nor effective because meritorious defenses may be obscured by the onslaught of issues and allegations with little merit.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion for leave to file a surreply (document no. 14) is granted.  The plaintiff's motion to strike (document no. 5) is granted in part and denied in part.  Affirmative Defense number 1 is struck.

The defendants shall file an amended answer that complies with the requirements of this order **on or before June 13, 2014.**

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

May 30, 2014
cc:  Felicia M. Desimini, pro se
     Joseph Gardner Mattson, Esq.