UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Felicia M. Desimini (Plaintiff,)<br><br>   v.<br><br>John F. Durkin Jr.<br><br>Wilson Bush Durkin & Keefe PC<br><br>(Defendants.) | Civil Action No. 1:14-cv-00112-JD<br><br>Joined Motions |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES FILED ON 6-10-14
### AND
### PLAITIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS AMENDED AFFIRMATIVE DEFENSES FILED ON 6-20-14
### AND
### PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH THE RULES OF CIVIL PROCEDURE

Felicia M. Desimini (Desimini) respectfully moves to join the above-entitled motions pursuant to 12(g)(1) of the Federal Rules of Civil Procedure.

In conjunction with the Court's May, 30 2014 ORDER and Pursuant to Rules 8, and 12(e)&(f) of the Federal Rules of Civil Procedure Desimini Objects to and Motions to Strike Defendant John F. Durkin, Jr. and Defendant Wilson, Bush, Durkin & Keefe, PC, collectively referred to as Defendants, Affirmative Defenses for failure to satisfy the Federal Rules of Civil Procedure pleading requirements, this Court's Order and respectfully requests this Honorable Court issue an Order striking and dismissing all of the Defendants' non-concise, conclusory Affirmative Defenses of their 6-10-14 pleading and moves to Strike in its entirety the Defendants' 6-20-14 pleading. Desimini respectfully requests sanctions to imposed upon the Defendants for their actions. In support of these motions, Desimini states as follows:

I. FACTS AND PROCEDURAL STATUS

Desimini will file an Affidavit in Support of these Joined Motions to which exhibits will be attached and referenced herein, as a notary was not able at the time of this filing.

Desimini was represented by Defendant Durkin during her divorce and then up until July 25th 2011 when Durkin informed Desimini that he had purged her file in an email.  A true and accurate copy of the aforementioned email will be attached hereto as Exhibit 1 and incorporated herein by reference.  Then on July 27th 2011 Durkin informed Desimini via email that he had mailed and drafted a "pro-se filing" attached to said email and wished her luck. A true and accurate copy of this second email is attached hereto as Exhibit 2 and incorporated herein by reference.

Desimini filed her well-plead, fact-based Complaint for Legal Malpractice and Negligent Misrepresentation on March 14, 2014. (Docket Entry No. 1). Defendants filed their answer on April 4, 2014, (Docket Entry No. 3), without having been served. The First 71 paragraphs are admissions or denials and a combination thereof without facts in support of said admissions and denials. Supplementing Defendants' Answers are thirteen vacant "<u>AFFIRMATIVE DEFENSES</u>" which assert numerous conclusory Affirmative Defenses, all without pleading any facts or fair notice as to the bases for these defenses.

Desimini Motioned to Strike said Affirmative Defenses and this Honorable Court issued its Opinion No. 2014 DNH 122 on 5-30-2014. Within the Opinion was the Court's Order which struck Defendants' 1st Affirmative Defense (Subject Matter) and agreed with Desimini that the Defendant's Affirmative Defenses were not Affirmative Defenses but

mere "denials of fault and challenges to the sufficiency of Desimini's claims" Id. This Court explained to the Defendants that "They also shall provide a concise statement of the factual bases for each Affirmative Defense that is asserted in the amended answer. The Defendants are reminded that a scattershot approach to pleading is neither favored nor effective…" Id. Additionally this Honorable Court ordered that " The Defendants shall file an amended answer that complies with the requirements of this order on or before June 13, 2014." Id.

On 6-10-14 Defendants filed DEFENDANTS' AMENDED ANSWER TO COMPLAINT IN RESPONSE TO COURT'S MAY 30, 2014 ORDER [ doc. # 17.] The Defendants have offered 7 Affirmative Defenses, of which some are just as vacant, conclusory and again mere denials of fault similar to those contained in their original Affirmative Defenses [doc. # 18.]

Plaintiff has been working diligently to prepare her response to the Defendants' Amended Answers and other pleadings. Within a few short days before Desimini's response was due Defendants filed, without retitling their Amended Answers or asking for leave, a second DEFENDANTS' AMENDED ANSWER TO COMPLAINT IN RESPONSE TO COURT'S MAY 30, 2014 ORDER [ doc. # 18.] This most recent filing contains 3 additional Affirmative Defenses, and Desimini is unsure which answer, 6-10-14 [ doc. # 17] or 6-20-14[ doc. # 18], to reply to, due to the surprise of the re-amended Answer while the due date for her response to Defendants' Answers was looming just short days ahead. Additional last minute, time consuming research by Desimini has been necessary due to the Defendants' re-amended answer.

II. ARGUMENT

This Honorable Court issued its ORDER on 5-30-14 and Defendants have, in part ignored the Order "…provide a concise statement of the factual bases for each Affirmative Defense that is asserted in the amended answer." "The defendants shall file an amended answer that complies with the requirements of this order on or before June 13, 2014."

An Affirmative Defense is an assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all of the allegations in the complaint are true. Black's Law Dictionary (8th ed. 2004) at 451. United States v. ConAgra Grocery Prods. Co., LLC, 2012 U.S. Dist. LEXIS 107570 (D. Me. July 31, 2012)

"Motions to strike, however, may serve a useful purpose by eliminating insufficient defenses and saving the time and expense in litigating issues which will not affect the outcome of the case. Put another way, one purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  In re J.A.R. Barge Lines, L.P. , 307 F. Supp. 2d 668, 2004 U.S. Dist. LEXIS 6451, 2004 A.M.C. 359 (W.D. Pa. 2004)

Defendant's Affirmative Defenses 2, 3, 4 & 5 are once more "denials of fault and challenges to the sufficiency of Desimini's claims." And thus should be stricken as they are not Affirmative Defenses.

Defendant's Affirmative Defense 2

"The Defendants deny fault, liability and/or breach of duty in this matter. Defendants represented the Plaintiff as a reasonable New Hampshire attorney would have under the same or similar circumstances, and therefore a denial of fault, liability, and breach of duty is appropriate."

"In this State, a civil malpractice action requires proof of (1) an attorney-client relationship, which triggers a duty on the part of the attorney to exercise reasonable professional care, skill and knowledge in providing legal services to that client, (2) a breach of that duty, and (3) resultant harm legally caused by the breach. Mahoney v. Shaheen, Cappiello, Stein & Gordon, P.A., 143 N.H. 491, 495-96 (1999)."

This defense is not an Affirmative Defense as it does not meet the burden of defeating the plaintiff's claim of Legal Malpractice and does not meet the Court's order to provide a concise statement of fact which support the basis for this defense. The defendants have not stated any facts to support their assertion and likewise their argument is a legal conclusion, which is not supported by any facts, nor have the defendants followed this Court's ORDER. And, thus this defense should be stricken for all the aforementioned reasons.

Defendant's Affirmative Defense 3

"A defense which points out a defect in plaintiff's prima facie case is not an Affirmative Defense. An Affirmative Defense raises matters extraneous to the plaintiff's prima facie case." FDIC v. Gladstone , 44 F. Supp. 2d 81, 1999 U.S. Dist. LEXIS 3505 (D. Mass. 1999.)

The Defendants point out a defect in Desimini's claims in Defendants' "Affirmative Defense 3"

"The Defendants contest the nature, extent and cause of Plaintiff's injuries. Plaintiff's damages claims are based on the unfounded assumption that fault-based divorce results in a 60/40 property division. Defendants believe this to be a misstatement of law."

Damages follow liability. Desimini is entitled to judgment, even though damages may be only nominal ($1.00). This defense is not an Affirmative Defense, and Desimini respectfully requests that Defendants' Affirmative Defense #3 be stricken as impertinent:  A defense which points out a defect in plaintiff's prima facie case is not an

Affirmative Defense.

Defendant's Affirmative Defense 4

"The Complaint fails to state a cause of action as a matter of law. Plaintiff's Complaint references certain causes of action, but it is unclear whether she has pled the elements of each. Furthermore, the complaint references allegations more than three years old, so some may be time-barred."

A defense which points out a defect in plaintiff's prima facie case is not an Affirmative Defense. An Affirmative Defense raises matters extraneous to the plaintiff's prima facie case. FDIC v. Gladstone, 44 F. Supp. 2d 81, 1999 U.S. Dist. LEXIS 3505 (D. Mass. 1999.)

The Defendants have once more rested upon a conclusory statement lacking fact and affording Desimini the opportunity to counter the "defense" due to their lack of facts. Desimini is not sure which of the "some" and how the "may be" applies as a defense against her fact-plead claims. This defense is not an Affirmative Defense, will not defeat Desimini's claims, and thus must be stricken as it is impertinent. A defense which points out a defect in plaintiff's prima facie case is not an Affirmative Defense. If the defendants want to move to Dismiss Desimini's claims, because she has not stated a claim, they can do so under Fed. R. Civ. P. 12(b) (6).

Defendant's Affirmative Defense 5

"The Plaintiff's alleged damages result from a superseding, intervening cause. Based upon currently available documentation, it appears that at least a portion of the alleged damages resulted from her now ex-husband's failure to comply with his obligations under the divorce settlement, not anything Defendants did or failed to do."

This defense is lacking the necessary conditions of an Affirmative Defense as pleaded.

"it appears" is a conclusion and "a portion" is not a determinate fact, Desimini is

uncertain how Defendants can move forward and succeed at defeating her claims with

this defense pleaded as an Affirmative Defense. Desimini's claims relate to the lack of care, skill, and knowledge which defendant Durkin exercised leading up to the mediated settlement he negotiated and the unethical spoliation of Desimini's discovery evidence committed by the firm; "We have purged the majority of your file as per our file closing procedure" Durkin to Desimini email 7-25-11. Non-compliance by the ex-husband is subsequent to Durkin's lack of care, skill and knowledge, and therefore does not supersede Durkin's or the firm's actions as Durkin and the firm had ceased representing Desimini. Damages follow liability and thus defendant's 5th defense as an Affirmative Defense fails as it cannot defeat Desimini's claim, is impertinent and should be stricken as such.

AFFIRMATIVE DEFENSES 8,9& 10

According to Fed. R. Civ. P. Rule 15. Amended and Supplemental Pleadings (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave.

On 6-20-14 Defendants filed a second DEFENDANTS' AMENDED ANSWER TO COMPLAINT IN RESPONSE TO COURT'S MAY 30, 2014 ORDER which contained 3 additional Affirmative Defenses 8,9& 10 without leave of Desimini or the Court. Thus Defendants' Affirmative Defenses 8, 9 & 10 are not properly before the Court. Desimini Objects to the manner in which these defenses were presented, the timing of said defenses, and they should be stricken.

Desimini asks this court for sanctions as she has had to spend 5 hours researching the applicable law in regards to filing amendments without leave. Desimini, not being a lawyer, was unable to find any 1st Circuit case law which substantiates her position

other than the Fed. R. Civ. P.15 (2). The defendants have not followed the Federal Rules of Civil Procedure by amending their answer without leave all the while violating the Court's Order to timely file. Consequently the Defendants' 6-20-14 filing should be stricken in its entirety.

III. CONCLUSION

Each of Defendant's Affirmative Defenses 2,3,4,5 are either not Affirmative Defenses or are simply a cursory, legal conclusion lacking any substantive allegation of fact, which thereby fails to provide a sufficient basis for asserting the legal conclusion it presupposes. Defendants have years of experience in these matters, have been provided ample discovery and are well aware of the issues of the case as they were once Desimini's counsel. To once more put forth such defenses and waste the Court's and Plaintiff's time to respond is perhaps a part of Defendants' strategy but to refile their Affirmative Defenses as if they had a right to do so when Desimini was faced with a looming deadline is an actionable instance for which she would like just compensation for 5 hours of research that would not have been necessary had Defendants followed protocol and the Federal Rules of Civil Procedure.  Desimini requests what equates to an hourly equivalent of $50 / hour for research time due to the Defendants' ambush.

Respectfully submitted on this Date: June 22, 2014     /s/ *Felicia M. Desimini*
FELICIA M. DESIMINI in pro se
Address: 4409 E CRANE RD
WASILLA AK, 99654
email address  feliciadesimini@gmail.com
Telephone No.  907-631-3531

CERTIFICATE OF SERVICE

I, Felicia M. Desimini, hereby certify that a copy of the foregoing was transmitted to Defendant's attorney(s) Joseph G. Mattson of Wadleigh, Starr & Peters, PLLC, via the ECF system, this day: June 22, 2014 /s/  Felicia M. Desimini