UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Felicia M. Desimini (Plaintiff,)

    v.

John F. Durkin Jr.

Wilson Bush Durkin & Keefe PC

(Defendants.)

Civil Action No. 1:14-cv-00112-JD

**PLAINTIFF'S OBJECTION TO DEFENDANTS' DOCUMENT 23**

1. This Court should deny the relief Defendants seek in their latest motion. See Doc. 23. MOTION for Protective Order re Plaintiff's Deposition."

2. Plaintiff notes that Defendants' Motion seeks a type of relief not available to them as it is not an appropriate relief afforded litigants under Fed. R. Civ. P. 26(c) 1.

3. Additionally Defendants have not followed the Federal Rules of Civil Procedure or the parties' agreement on Discovery requests.

4. As this Court has noted, even "[a] pro se party…is required to comply with applicable procedural rules." Bassi v. Krochina, 2012 WL 1570836, *1 (D.N.H. 2012).

5. Turning to the merits, "so that Defendants are able to see her testify live," Defendants "request that this Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) 1 instructing Plaintiff that she cannot refuse to appear in this State for her deposition, and that she must, in fact, appear, in person, for her deposition."

6. The defendant and the Plaintiff agreed that all requests for Discovery would be by formal Notice; no Notice was sent to the Plaintiff.

7. Defendants agreed to a telephonic appearance for the pretrial and likewise agreed to telephonic deposition for Atty. Durkin.

8. Plaintiff has not been made aware by the defendants why she needs to be deposed as she did not destroy her client file, in which she entrusted Defendant Durkin and Defendants Wilson, Bush, Durkin & Keefe, PC to protect her rights and position in the case Defendant Durkin was hired for.

9. Plaintiff has been more than willing to appear any day that the Defendants want her to appear before August 25th 2014 for a telephonic or live video deposition where they "can see her face live."

10. Defendants are aware of the Plaintiff's financial constraints. Plaintiff has made herself available for telephonic/video deposition this summer as she is a term professor and is in between semesters but is required to teach in person after August 25th.

11. The Defendants have not asked to depose the plaintiff any other time than what she has offered for telephonic or video deposition.

12. The defendants have not followed the parties' agreement as they never Noticed the Plaintiff their request to depose her. Nor have the defendants followed the Fed. R. Civ. P. 26 and Motioned to Compel the Plaintiff to be deposed.

13. In response to motion for a Protective Order under Fed. R. Civ. P. 26(c) 1 the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

    (E) designating the persons who may be present while the discovery is conducted;
    (F) requiring that a deposition be sealed and opened only on court order;
    (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
    (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."

Not one of the issues upon which the court may order a protective order even closely relates to what the Defendants are seeking.

14. The Defendants have not stated a good cause for their request for a Protective Order.

15. The Defendants' dilatory Motion for a Protective Order is confused with a Motion to Compel.

16. Defendants have failed to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Wherefore the Plaintiff respectfully asks that this honorable Court to deny and dismiss the Defendants Motion for a Protective Order relative to deposing the Plaintiff as it is filed without good cause and is a misapplication of the process of a Protective Order.

Respectfully submitted,

Date: July 11, 2014                      /s/ *Felicia M. Desimini*
                                                       FELICIA M. DESIMINI in pro se
                                                                 Address: 4409 E CRANE RD
                                                                       WASILLA AK, 99654
                                                   email address  feliciadesimini@gmail.com
                                                                  Telephone No. 907-631-3531

CERTIFICATE OF SERVICE

I, Felicia M. Desimini, hereby certify that a copy of the foregoing was transmitted to Defendant's attorney(s) Joseph G. Mattson of Wadleigh, Starr & Peters, PLLC, via the ECF system, this day.

Date: July 11, 2014 /s/ Felicia M. Desimini