UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Felicia M. Desimini

    v.                                  Civil No. 14-cv-112-JD

John F. Durkin, Jr. and
Wilson, Bush, Durkin & Keefe, PC


O R D E R

    Felicia M. Desimini, proceeding pro se, brings claims
against her former attorney, John F. Durkin, Jr., and his law
firm, Wilson, Bush, Durkin & Keefe, PC, that arose from Durkin's
representation of her during her divorce proceedings.  The
defendants filed a "Motion for a Protective Order Under Rule
26(c)" in which they ask the court to issue a protective order
"instructing Plaintiff that she cannot refuse to appear in this
State for her deposition, and that she must, in fact, appear, in
person, for her deposition."  Desimini objects to the motion.

    Rule 26(c) states that "[a] party or any person <u>from</u> whom
discovery is sought may move for a protective order in the court
where the action is pending . . . ."  [Emphasis added.]  In
response, [t]he court may, for good cause, issue an order to
protect a party or person from annoyance, embarrassment,
oppression, or undue burden or expense, . . . ."  Fed. R. Civ. P.
26(c)(1).

    The issue the defendants raise is the location of Desimini's
deposition.  The defendants are seeking discovery from Desimini.

The defendants are not seeking an order to protect them from discovery by Desimini.  Therefore, Rule 26(c) does not apply to the relief the defendants are seeking.[1]

Instead of a protective order, the defendants appear to seek to compel Desimini to appear in this district for her deposition. See, e.g., Forauer v. Vermont Country Store, Inc., 2014 WL 2612044, at *5-*6 (D. Vt. June 11, 2014); Restis v. Am. Coalition Against Nuclear Iran, Inc., 2014 WL 1870368, at *3 (S.D.N.Y. Apr. 25, 2014); Guy v. Vilsack, 293 F.R.D. 8, 12-13 (D.D.C. 2013); see also Chem v. Allied Van Lines Int'l Corp., 102 F.R.D. 938, 939 n.1 (S.D.N.Y. 1984) (noting that plaintiff seeking an order to have his own deposition taken telephonically should move for a protective order).  Because the defendants are represented by counsel, they are not afforded leniency in interpreting their filings that might be appropriate for pro se parties.  The defendants are expected to provide well reasoned and properly supported requests for relief.

The defendants' request for a protective order is denied without prejudice to filing a properly supported motion to compel Desimini's deposition, if necessary.

---

[1]The defendants cite no authority to support their theory that Rule 26(c) provides the relief they are seeking.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion for a protective order (document no. 23) is denied without prejudice.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 15, 2014

cc:  Felicia M. Desimini, pro se
     Joseph Gardner Mattson, Esq.