UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Felicia M. Desimini (Plaintiff,)

    v.

John F. Durkin Jr.

Wilson Bush Durkin & Keefe PC     Civil Action No. 1:14-cv-00112-JD

(Defendants.)

**PLAINTIFF'S REPLY MEMORANDUM IN TO DEFENDANT'S DOC. 24**

I INTRODUCTION

In response to Defendants' DOC. 24 Felicia M. Desimini (Desimini) respectfully moves, Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), to withdraw her request for Sanctions, within DOC. 20 as it is not properly before the court.

In response to the remainder of Defendants' DOC. 24 Desimini replies Pursuant to Rule 7(e) (1) of the Fed. R. Civ. P.

Defendants were ordered to file their amended Affirmative Defenses within a certain time: July 13, 2014. Though Defendants did timely file on July 10, 2014, as requested in the Court's Order, Defendants then, without leave, re-amended their Affirmative Defenses on July 20, 2014. Both instances of Defendants' answers are not in compliance with the Court's ORDER which informed the defendants that they "shall provide a concise statement of the factual bases for each Affirmative Defense that is asserted in the amended answer."

Desimini filed an Objection to the Defendant's re-amended answers in a joined Motion to Strike the Defendants' Affirmative Defenses, Defendants Objected and Desimini filed a Notice of Reply in response.

Discovery deadlines are approaching and Plaintiff Desimini has provided over 20,000 documents to the Defendants in the initial Discovery. Defendants have not returned much of any discovery other than what she has sent. Desimini's initial discovery is making a round trip journey. Defendants are not complying with Discovery and are protracting litigation for which Plaintiff will be filing the appropriate corrective motions. The lack of useful discovery by the Defendants is prejudicing Plaintiff's efforts to secure experts to examine discovery and proffer an opinion which will survive any attacks by the Defendants.

II ARGUMENT

A party may amend their pleadings, answers and defenses at any time until stated deadlines are reached in the Discovery plan. The Discovery approved by the Court doesn't prohibit amendments, but a party must comply with the applicable procedural rules in amending their pleadings and answers. In this District Local Rule. 15.1 (a),(b) and Fed. R. Civ. P. 15.1 (a),(b) apply and as this Court has noted, even "[a] pro se party…is required to comply with applicable procedural rules." Bassi v. Krochina, 2012 WL 1570836, *1 (D.N.H. 2012). The Defendants have not complied with any of the applicable rules stated. Fed. R. Civ. P. 15.1 (a)

> "…if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading…"

This action has been placed upon the trial calendar and thus the Defendants should ask for leave to file their amended pleadings per LR 15.1(a) (b). Plaintiff may have given them leave to amend and the Court may have granted them leave to amend as well, had they asked. But since they have not asked and not followed the applicable rules, the Defendants should now ask for leave to amend defenses 8, 9 & 10 before this honorable Court accepts the additional defenses and Defendants' filing should comply with the requirements of LR 15.1(a)(b) as well as this Court's ORDER.

In the alternative to Striking the Defendants' Affirmative Defenses 8,9,10 Desimini will deal with each in numerical order.

Desimini moves to Strike Defendant's (amended and re-amended) Affirmative Defenses pursuant to Rule 12(f) and this Court's Order which advised the Defendants to plead their Affirmative Defenses concisely being mindful, as this court explained, "that different standards apply under Rules 8(a) and 8(c) and that Affirmative Defenses are adequately pleaded if the answer provides fair notice of the issue." Investmentsignals, LLC v. Irrisoft, Inc., 2011 WL 3320525.

Defendants' 2nd Affirmative Defense

"In this State, a civil malpractice action requires proof of (1) an attorney-client relationship, which triggers a duty on the part of the attorney to exercise reasonable professional care, skill and knowledge in providing legal services to that client, (2) a breach of that duty, and (3) resultant harm legally caused by the breach. Mahoney v. Shaheen, Cappiello, Stein & Gordon, P.A., 143 N.H. 491, 495-96 (1999)."

Defendants' 2nd Affirmative Defense states "The Defendants deny fault, liability and/or breach of duty in this matter. Defendants represented the Plaintiff as a reasonable New Hampshire attorney would have under the same or similar circumstances, and therefore a denial of fault, liability, and breach of duty is appropriate."

In Objection to Desimini's Motion to Strike, Defendants assert that they exercised reasonable care but nowhere is "care" stated in their 2nd Affirmative Defense. Only denials are pled which is not in keeping with this Court's Order; denials are not Affirmative Defenses: "An Affirmative Defense is an assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all of the allegations in the complaint are true. Black's Law Dictionary (8th ed. 2004) at 451. United States v. ConAgra Grocery Prods. Co., LLC, 2012 U.S. Dist. LEXIS 107570 (D. Me. July 31, 2012.)

Defendants' 2nd Affirmative Defense fails as it does not comply with this Court's Order or the necessary definition of an Affirmative Defense, thus it should be stricken or amended once more.

Defendants' 3rd "Affirmative Defense"

"The Defendants contest the nature, extent and cause of Plaintiff's injuries. Plaintiff's damages claims are based on the unfounded assumption that fault-based divorce results in a 60/40 property division. Defendants believe this to be a misstatement of law."

Defendants' Objection states that Desimini has misconstrued their pleading and they "do not allege that Plaintiff will fail to prove damages" but "attack the legal theory on which Plaintiff proceeds." Again the defendants have not pled an Affirmative Defense. "An Affirmative Defense is an assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all of the allegations in the complaint are true. Black's Law Dictionary (8th ed. 2004) at 451. United States v. ConAgra Grocery Prods. Co., LLC, 2012 U.S. Dist. LEXIS 107570 (D. Me. July 31, 2012.) All Desimini has to show is a lack of care, skill and knowledge exercised by the Defendants', the harm it caused and she has proven her case. To attack a theory of 'equitable distribution" will not defeat Desimini's claim.

Desimini has pled three distinct claims, Legal Malpractice, Negligent Misrepresentation and Respondeat Superior legal malpractice, all of which she is entitled to damages for when she proves the elements of each of her cases. Defendants have pointed out a flaw in an element of Desimini's prima facie case and are attacking it. "A defense which points out a defect in plaintiff's prima facie case is not an Affirmative Defense. An Affirmative Defense raises matters extraneous to the plaintiff's prima facie case." FDIC v. Gladstone, 44 F. Supp. 2d 81, 1999 U.S. Dist. LEXIS 3505 (D. Mass. 1999.) Thus Defendants 3rd Affirmative Defense must be stricken as it is impertinent and not an Affirmative Defense.

Defendant's 4th Affirmative Defense

"The Complaint fails to state a cause of action as a matter of law. Plaintiff's Complaint references certain causes of action, but it is unclear whether she has pled the elements of each. Furthermore, the complaint references allegations more than three years old, so some may be time-barred."

Defendants are uncertain: "it is unclear", and "some may be time-barred." Once more this is not an Affirmative Defense that can defeat Desimini's claims. Defendants need to state facts and assert their argument to defeat Desimini's claims. There are no facts and thus their argument fails. Once more the Defendants have found flaws in Desimini's case and once more their defense does not rise to the level of an Affirmative Defense as well as not complying with this Court's Order: Defendants "shall provide a concise statement of the factual bases for each Affirmative Defense…"

A defense which points out a defect in plaintiff's prima facie case is not an Affirmative Defense. An Affirmative Defense raises matters extraneous to the plaintiff's prima facie case. FDIC v. Gladstone, 44 F. Supp. 2d 81, 1999 U.S. Dist. LEXIS 3505 (D. Mass. 1999.)

Within Defendants' Objection, they rest upon Desimini's pled definition of an Affirmative Defense "is an Affirmative Defense, because it "will defeat the plaintiff's claim…" Defendants point to Form 30 as justification for presenting failure to state a claim as an Affirmative Defense. Form 30 is an instructional guide to "ANSWER PRESENTING DEFENSES UNDER RULE 12(b)" which highlights six distinct sections: Responding to Allegations in the Complaint; Failure to State a Claim; Failure to Join a Required Party; Affirmative Defense – Statute of Limitations; Counterclaim; Crossclaim.

Just because it is listed on Form 30 does not mean it is an Affirmative Defense. As a matter of fact, Form 30 only lists one Affirmative Defense: Statute of Limitations. The rest of the defenses on Form 30 are just that defenses, not Affirmative Defenses.

The Defendants have once more rested upon a conclusory statement lacking fact and ill-affording Desimini the opportunity to counter the "defense" due to their lack of facts. Desimini is not sure which of the "some" and how the "may be" applies as a defense against her fact-pled claims. This defense is not an Affirmative Defense, will not defeat Desimini's claims, and thus must be stricken as it is impertinent. Desimini respectfully requests that Defendants' 4th Affirmative Defense be stricken.


Defendant's 5th Affirmative Defense

"The Plaintiff's alleged damages result from a superseding, intervening cause. Based upon currently available documentation, it appears that at least a portion of the alleged damages resulted from her now ex-husband's failure to comply with his obligations under the divorce settlement, not anything Defendants did or failed to do."

"[A]n intervening force supersedes prior negligence" and thus breaks the chain of proximate causation required to impose liability on the original actor, the court held, "where the subsequent actor's negligence was `extraordinary' (defined as `neither normal nor reasonably foreseeable')." 54 F. 3d, at 574.

Noncompliance with a divorce decree is foreseeable and happens all the time; Defendants are well aware of this fact. The damages Desimini is seeking are from Defendants' lack of care, skill and knowledge and the resultant harm that has been caused by same.

Additional Damages Desimini is seeking are due to Defendant's Negligent Misrepresentation. Within Defendants' Objection they do not deny that they purged Desimini's file. Because they did purge her file, the result of their action is an intervening action which complicated Desimini's divorce re-opening. Desimini was able to re-open due to the ex-husband's failure to account for assets and pay taxes, actions which were occuring while Defendant was representing Desimini.

"It appears that at least a portion…" lacks enough argument to defeat Desimini's claims. Thus as an Affirmative Defense, it fails and must be stricken or plead with sufficient facts for Desimini to be able to defend and hire experts, if necessary, to explain to the jury the causation and its effects and to differentiate from any other Affirmative Defense that the Defendants may plead.

If this Honorable Court allows Defendants to re-amend their pleading without leave, Desimini moves to Strike those that are not pled in accordance with this Court's Order or do not meet the Defendant's own definition of an Affirmative Defense "an Affirmative Defense, … will defeat the plaintiff's claim" which aligns with "An Affirmative Defense is an assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all of the allegations in the complaint are true." Black's Law Dictionary (8th ed. 2004) at 451. United States v. ConAgra Grocery Prods. Co., LLC, 2012 U.S. Dist. LEXIS 107570 (D. Me. July 31, 2012.)

Defendant's 8th Affirmative Defense

"The Complaint is precluded under applicable law by the doctrines of collateral estoppel and/or res judicata. The issues raised by Plaintiff in the Complaint were dealt with and rejected by the Family Court in the underlying divorce. Plaintiff had a full and fair opportunity to litigate those issues at that point."

Desimini never litigated against Defendants in Family Court. In order to do so they would have had to have a relationship. Defendants were not joined to the divorce action nor did they ask to be joined, and under applicable law the Family Court did not have to join them. There are no facts pled here just "issues raised by Plaintiff in the Complaint were dealt with" which is another conclusory statement designed to confuse the claims raised in attempt at prolonging litigation. This defense lacks the requirement of the Court's Order, and is not an Affirmative Defense and should be stricken or amended in order for Desimini to understand the what, when, where or how she is to defend herself.  This Affirmative Defense is not properly before the Court.

Defendant's 9th Affirmative Defense

"Plaintiff's damages are reduced, and/or barred, by her comparative fault. Plaintiff engaged in certain actions that have potentially caused and/or exacerbated some of her alleged damages and injuries."

Desimini is not being given enough information to defend against once more. The Defendants' lack of deference to the Courts' Order and their own definition of an Affirmative Defense is counter to their claim. How can Defendants defeat Desimini's claims with "certain actions that have potentially caused and/or exacerbated some of her alleged damages?" A Plaintiff is to be afforded fair notice and facts in support of a defendants' Affirmative Defenses..

This Affirmative Defense is not properly before the Court.

Defendant's 10th Affirmative Defense

This Affirmative Defense is not properly before the Court. Defendants are required to file leave to amend to claim this Affirmative Defense and thus should amend this defense according to the Fed R. Civ. P.

CONCLUSION

Defendants have not followed this Court's Order or the decision within the District for their Affirmative Defenses, nor have they complied with the Fed R. Civ. P. For all these and the above-stated reasons, Defendants' Affirmative Defenses should be stricken or once more amended to afford Desimini fair notice of what they are claiming as Affirmative Defenses. Wherefore, Plaintiff Desimini respectfully requests this Honorable Court to take corrective action so that Desimini can determine what Affirmative Defenses Defendants are pleading so that she can hire the appropriate experts to generate reports which will satisfy the requirements of this Court and Survive any further attacks by the Defendants.

Respectfully submitted on this Date: July 17, 2014        /s/ Felicia M. Desimini
                                                          FELICIA M. DESIMINI in pro se
                                                          Address: 4409 E CRANE RD
                                                          WASILLA AK, 99654
                                                          feliciadesimini@gmail.com
                                                          Telephone No. 907-631-3531

CERTIFICATE OF SERVICE

I, Felicia M. Desimini, hereby certify that a copy of the foregoing was transmitted to Defendant's attorney(s) Joseph G. Mattson of Wadleigh, Starr & Peters, PLLC, via the ECF system, this day: July 17, 2014 /s/ Felicia M. Desimini