UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Felicia M. Desimini

    v.                                    Civil No. 14-cv-112-JD

John F. Durkin, Jr. and
Wilson, Bush, Durkin & Keefe PC


O R D E R

    Felicia M. Desimini, proceeding pro se, filed a complaint alleging claims against her former attorney, John F. Durkin, Jr., and his law firm, Wilson, Bush, Durkin & Keefe, PC, for legal malpractice, negligent misrepresentation, and "superior respondeat breach of fiduciary duties legal malpractice" that arose from Durkin's representation of her during her divorce proceedings. The court granted, in part, Desimini's motion to strike the affirmative defenses asserted by the defendants in their answer, and the defendants filed an amended answer. Desimini now moves to strike the defendants' affirmative defenses asserted in the amended answer.[1]


## Discussion

    On May 30, 2014, the court struck the defendants' affirmative defense of a lack of subject matter jurisdiction and ordered the defendants to file an amended answer "that asserts

---

[1] Desimini has withdrawn her motion for sanctions which was improperly included in the motion to strike.

only those affirmative defenses that they reasonably believe, at this stage, pertain to the claims Desimini has alleged against them." Doc. no. 15 at 6. In addition, the court directed the defendants to "provide a concise statement of the factual bases for each affirmative defense that is asserted in the amended answer." Id. The defendants were to file their amended answer on or before June 13, 2014.

    A. Operative Answer

The defendants filed an amended answer to Desimini's complaint on June 10, 2014, in which they asserted seven affirmative defenses. On June 20, however, the defendants filed another amended answer and indicated on the docket that the June 10 amended answer had been refiled on June 20. The June 20 amended answer asserts ten affirmative defenses, three additional defenses, and was not a refiling of the June 10 amended answer. Instead, the June 20 amended answer is a second amended answer.

Desimini moves to strike both of the amended answers, expressing confusion about which answer the defendants intended to be the operative pleading. Desimini also noted that the June 20 amended answer was filed after the deadline of June 13 that was set by the court. In response, the defendants explain that they were relying on Federal Rule of Civil Procedure 15(a)(1)(A) and intended the June 20 amended answer to be a second amended answer.

2

The defendants assert that they were entitled, under Rule 15(a)(1), to file a second amended answer within twenty-one days of serving the June 10 amended answer. Rule 15(a)(1)(A) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Although the defendants cite no cases to support the application of Rule 15(a)(1)(A) in this circumstance, it appears that at least one other court has interpreted the rule in the defendants' favor. See Sun Life & Health Ins. Co. v. Colavito, --- F. Supp. 2d ---, 2014 WL 1613201, at *2 (S.D.N.Y. Mar. 28, 2014). In any case, the court need not delve into the procedural issue that the defendants present here. Under Rule 15(a)(2), the court should freely give leave to amend when justice so requires.

Desimini argues that she is prejudiced by the two answers because she does not know which answer requires her reply. Desimini appears to believe, mistakenly, that she is required to file a response to the defendants' amended answer. Federal Rule of Civil Procedure 12(a)(1)(C) authorizes a reply to an answer only when the court has ordered a reply. See Harrison v. Linde, 2013 WL 687074, at *1 (E.D. Cal. Feb. 25, 2013); Edmond v. Pikes Peak Direct Mktg., Inc., 2013 WL 535579, at *4 (D. Colo. Jan. 17, 2013). Therefore, Desimini is not required to file a response to the amended or the second amended answer.

3

The second amended answer, which was filed on June 20, is the operative answer.

B. <u>Motion to Strike the Second Amended Answer</u>

In the second amended answer, the defendants assert ten affirmative defenses as follows: (1) that their conduct did not cause Desimini's harm; (2) that they deny fault and liability; (3) that they contest Desimini's injuries; (4) that the complaint fails to state a cause of action; (5) that Desimini's damages resulted from a superseding intervening cause; (6) that Desimini failed to mitigate her loss; (7) that the claims are barred by the statute of limitations; (8) that the claims are precluded under the doctrines of collateral estoppel and/or res judicata; (9) that Desmini's damages are precluded or reduced by her comparative fault; and (10) that the defendants retain the right to disclose <u>DeBenedetto</u> parties. Desimini challenges affirmative defenses 2, 3, 4, and 5, arguing that the matters raised in defenses 2, 3, and 4 are not affirmative defenses and that defenses 4 and 5 are impermissibly conclusory. She challenges affirmative defenses 8, 9, and 10 on the grounds they were not included in the amended answer.

The court has reviewed the affirmative defenses in the second amended answer, which is the operative pleading and includes all ten affirmative defenses. Although not all of the matters raised as affirmative defenses are listed in Federal Rule

of Civil Procedure 8(c), that list is not exclusive.  The defenses raised are appropriate and are stated sufficiently to meet the requirements of Rule 8(c).  Desimini has fair notice of the defenses that are raised to her claims.  Further details about the defenses can be developed through discovery and motion practice.[2]

## Conclusion

For the foregoing reasons, the plaintiff's motion to strike (document no. 20) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 5, 2014

cc: Felicia M. Desimini, pro se
    Jeffrey H. Karlin, Esq.
    Joseph Gardner Mattson, Esq.

---

[2] To the extent that Desimini raises discovery issues in her reply, those matters must be addressed separately, if necessary, as provided by the Federal Rules of Civil Procedure.

5