UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
Felicia M. Desimini            )
    Plaintiff                 )
                                   )
v.                                    )
                                   )
John F. Durkin, Jr.            )
    and                        )   Civil Action No. 1:14-cv-00112-JD
Wilson, Bush, Durkin &    )
Keefe, PC                        )
    Defendants             )
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR LACK OF DAMAGES EVIDENCE

1. Plaintiff seeks damages for professional negligence, negligent misrepresentation, and "vicarious liability/breach of fiduciary duty." Defendants treat the third count of Plaintiff's complaint as two separate causes of action. As explained below, Plaintiff will not have adequate evidence of damages at trial, and this Court should grant Defendants summary judgment on all counts of the complaint.[1]

### Statement of Undisputed Material Facts

2. Plaintiff has no evidence of damages because she precluded from such evidence for failing to make an adequate initial disclosure relative to damages.

### Argument

3. "To establish legal malpractice, a plaintiff must prove: (1) that an attorney-client relationship existed, which placed a duty upon the attorney to exercise reasonable professional

---

[1] Defendants are filing this Motion under the assumption that their previously filed Motion for Sanctions will be granted, resulting in Plaintiff's inability to produce evidence of damages at trial. Defendants filed these Motions separately to comply with Local Rule 7.1(a)(1), which requires that "[f]ilers shall not combine multiple motions seeking separate and distinct relief into a single filing." L.R. 7.1(a)(1).

care, skill and knowledge in providing legal services to that client; (2) a breach of that duty; and (3) resultant harm legally caused by that breach." Carbone v. Tierney, 151 N.H. 521, 527 (2004)

4. To establish negligent misrepresentation, Plaintiff must adduce "evidence of the defendant's negligent failure to exercise care or competence in communicating information, and of the plaintiff's justifiable reliance upon such information to its damage." Tober's Inc. v. Portsmouth Hous. Auth., 116 N.H. 660, 663 (1976)

5. A breach of fiduciary duty claim requires proof of actual damages as well. Mullen v. Kalil, 2008 WL 3200734, *4 (D.N.H. 2008)(affirming bankruptcy court, and noting that plaintiff "failed to establish her breach of fiduciary duty claim because she could not prove that she had suffered compensable damages.")

6. Finally, Plaintiff's vicarious liability is not an independent cause of action for which Plaintiff may seek damages. Rather, it is a common law mechanism by which an agent (in this case, Attorney Durkin) makes a principal (his law firm) liable for wrongful conduct. See, e.g., Porter v. City of Manchester, 155 N.H. 149, 152 (2007)

7. It is thus clear that Plaintiff's causes of action all require proof of actual damages. Plaintiff will, of course, bear the burden of proof at trial.

8. If Plaintiff will not offer competent evidence of damages at trial, then, it follows that summary judgment is required. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (U.S. 1986) (summary judgment rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

9.   Plaintiff will not, in fact, have adequate damages evidence at trial.  As explained in Defendants' Motion for Sanctions, filed on today's date, Plaintiff has failed to adequately disclose a computation of her damages and she therefore is precluded from offering such testimony.[2]

10.   Without such evidence, her claims fail as a matter of law.

11.   All pertinent legal authority is cited above.  This motion is dispositive; Defendants did not seek Plaintiff's counsel's assent.

WHEREFORE, Defendants respectfully request that this Court:

A.   Grant their Motion for Summary Judgment;

B.   Dismiss this case and instruct the Clerk to close the case; and

C.   Grant such further relief as is reasonable and just.

Respectfully submitted,

**John F. Durkin, Jr. and
Wilson, Bush, Durkin & Keefe, PC**

By their attorneys,

**WADLEIGH, STARR & PETERS, P.L.L.C.**

Date:  April 6, 2015

/s/ Joseph G. Mattson
Jeffrey H. Karlin, NHBA #1311
Joseph G. Mattson, NHBA #19287
95 Market Street
Manchester, NH  03101
(603) 669-4140
jkarlin@wadleighlaw.com

G:\D52000\52157\pleadings\Motion for Summary Judgment - 2 lack of damages evidence.docx

---

[2] Further, the disclosed expert testimony is inadequate on the issue of damages.

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the plaintiff by electronically serving her counsel of record, Janet E. Dutcher, Esq. and Marsha V. Kazarosian, Esq., 546 Main Street, Haverhill, MA 01830.

                                                    By:/s/ Joseph G. Mattson
                                                             Joseph G. Mattson

G:\D52000\52157\pleadings\Motion for Summary Judgment - 2 lack of damages evidence.docx