UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Felicia M. Desimini

        v.                              Case No. 14-cv-112-JD

John F. Durkin, Jr., and
Wilson, Bush, Durkin & Keefe, PC


O R D E R


        Felicia M. Desimini brings claims against her former

attorney, John F. Durkin, Jr., and his law firm, Wilson, Bush,

Durkin & Keefe, PC, that arose from Durkin's representation of

Desimini during her divorce proceedings.[1]  The defendants move to

exclude a supplemental expert report by Attorney Kelly Dowd that

was disclosed by Desimini after the deadline.  Although her

counsel did not assent to the relief requested in the motion,

Desimini did not file a response to the motion.


Standard of Review

        Under Federal Rule of Civil Procedure 16, the court must

issue a scheduling order that limits the time allowed for

certain matters, including discovery, and the court may set

---

[1] Desimini was proceeding pro se when she filed suit but is now
represented by counsel.

deadlines for other matters, including expert disclosures and supplemental reports.  Fed. R. Civ. P. 16(b).  A party is required to supplement or correct an expert report made under Federal Rule of Civil Procedure 26(a)(2) within the time allowed by the court.  Fed. R. Civ. P. 26(e)(2) & 26(a)(2)(D).  A party cannot rely on supplemental expert reports that are disclosed after the deadline established in the scheduling order unless the failure to provide timely supplementation "was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).

## Discussion

In this case, the deadline for Desimini to provide expert disclosures, written reports, and supplementation of expert reports was November 3, 2014.  Desimini provided Dowd's expert report on November 23, 2014, and Dowd was deposed on February 6, 2015.  After his deposition, Dowd sent a supplemental expert disclosure to the defendants on March 13, 2015.

The defendants ask that Desimini be precluded from using Dowd's supplemental expert report because it contains new opinions that contradict his original report and his deposition testimony and because it was not disclosed within the time allowed.  Desimini failed to respond to the defendants' motion.

Dowd's supplemental expert report was provided to the defendants after his deposition and more than four months after the deadline in the scheduling order.  Desimini does not dispute that the supplemental report provides a substantial change in Dowd's opinion and makes no argument that the change would be harmless.  In the absence of any explanation for the delay or justification for the late disclosure, Desimini's failure to follow the scheduling order and the requirement for timely supplementation is not substantially justified.

Conclusion

For the foregoing reasons, the defendants' motion to exclude the supplemental expert opinion of Kelly Dowd (document no. 41) is granted.

SO ORDERED.

                                        _/s/Joseph A. DiClerico, Jr._
                                        Joseph DiClerico, Jr.
                                        United States District Judge

April 20, 2015

cc:  Janet Elizabeth Dutcher, Esq.
     Marsha V. Kazarosian, Esq.
     Joseph Gardner Mattson, Esq.
     Jeffrey H. Karlin, Esq.