```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Felicia M. Desimini

   v.                                    Case No. 14-cv-112-JD

John F. Durkin, Jr., and
Wilson, Bush, Durkin & Keefe, PC


O R D E R

Felicia M. Desimini brings claims against her former attorney, John F. Durkin, Jr., and his law firm, Wilson, Bush, Durkin & Keefe, PC, that arose from Durkin's representation of Desimini during her divorce proceedings.[1]  The defendants move to exclude a supplemental expert report by Attorney Kelly Dowd that was disclosed by Desimini after the deadline.  Although her counsel did not assent to the relief requested in the motion, Desimini did not file a response to the motion.


Standard of Review

Under Federal Rule of Civil Procedure 16, the court must issue a scheduling order that limits the time allowed for

---

[1] Desimini was proceeding pro se when she filed suit but is now represented by counsel.

certain matters, including discovery, and the court may set deadlines for other matters, including expert disclosures and supplemental reports.  Fed. R. Civ. P. 16(b).  A party is required to supplement or correct an expert report made under Federal Rule of Civil Procedure 26(a)(2) within the time allowed by the court.  Fed. R. Civ. P. 26(e)(2) & 26(a)(2)(D).  A party cannot rely on supplemental expert reports that are disclosed after the deadline established in the scheduling order unless the failure to provide timely supplementation "was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).

## Discussion

In this case, the deadline for Desimini to provide expert disclosures, written reports, and supplementation of expert reports was November 3, 2014.  Desimini provided Dowd's expert report on November 23, 2014, and Dowd was deposed on February 6, 2015.  After his deposition, Dowd sent a supplemental expert disclosure to the defendants on March 13, 2015.

The defendants ask that Desimini be precluded from using Dowd's supplemental expert report because it contains new opinions that contradict his original report and his deposition testimony and because it was not disclosed within the time

allowed.  Desimini failed to respond to the defendants' motion.

Dowd's supplemental expert report was provided to the defendants after his deposition and more than four months after the deadline in the scheduling order.  The supplemental report provides a substantial change in Dowd's opinion.  In the absence of a response to the motion, Desimini makes no argument that the change would be harmless.  For the same reason, Desimini has not shown that her failure to follow the scheduling order and the requirement for timely supplementation was substantially justified.

## Conclusion

For the foregoing reasons, the defendants' motion to exclude the supplemental expert opinion of Kelly Dowd (document no. 41) is granted.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

April 17, 2015

cc:  Janet Elizabeth Dutcher, Esq.
     Marsha V. Kazarosian, Esq.
     Joseph Gardner Mattson, Esq.
     Jeffrey H. Karlin, Esq.