UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FELICIA M. DESIMINI<br>    Plaintiff<br><br>              v.<br><br>JOHN F. DURKIN JR.,<br>WILSON BUSH DURKIN & KEEFE  PC<br>    Defendants | Civil Action No. 1:14-cv-00112-JD |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

1.  This is a legal negligence action based upon John Durkin, Esquire, and his firm's representation of Felicia Desimini in a divorce from Ronald Menard, specifically the division of the marital estate, including an IRA.

2.  Defendants seek to prohibit Plaintiff from presenting evidence of damages to the Jury, pursuant to Rule 26.

3.  Plaintiff's Complaint, throughout set forth with specificity Plaintiff's damages, paragraph 67 contained a damage calculation pursuant to the IRA.

4.  Prior to Plaintiff's deposition, October 16, 2014,  Plaintiff had provided Defendant with a statement of damages, as well as numerous documents which provided the back up to the damage including the complete IRA records .

5.  During Plaintiff's deposition, Plaintiff agreed to provide a statement of damages itemizing the amounts she could not recall including that of postage, flights, attorney fees and costs etc., (See deposition of Desimini pp 195-207)which was provided in December 2014, prior to the close of expert discovery.

6. Throughout litigation counsel for both parties have remained cordial, simply requesting and providing information to each other via telephone and email.

7. At no time following the production of the damage statement did Defendants request a clarification.

8. In February 2015, Plaintiff's ex-husband sold his interest in the Brewster property and paid Plaintiff a sizeable amount pursuant to the underlying divorce case. This substantially reduced the damages being sought against Durkin.

9. Counsel for Defendants was advised of this sale and was provided documentation.

10. Counsel for Defendants was also advised that counsel for Plaintiff was working on a re-calculation of the remaining damages.

11. Counsel for Plaintiff has determined that the damages remaining after March 2015 are:

   a. attorney fees and costs necessitated by Durkin's malpractice which were outlined in her damage statement as well as her deposition testimony totaling $121,527.91. This was well detailed in the statement of damages provided.

   b. IRA withdrawals. For the purpose of the statement of damages Plaintiff has contended that the damage for the years 2009-2010, is 50% of the amount withdrawn plus 50% of the remaining IRA at time of divorce; all as reflected by the tax returns and IRA statements and as listed in the complaint and the statement of damages. Thus 2009-$422,500 plus 2010-$266,100 plus $260,000 divided by 2  Totaling -$474,300.00

   c. Based upon Defendants' expert who testified that it was reasonable to attribute agreed expenses such as taxes and living expenses to the IRA withdrawals in 2009 -2010, Plaintiff was willing to recalculate the damages.

    For the period of 2009 based upon tax returns, Court Orders, and Menard's financial affidavits; all documents in Defendants' possession.  Plaintiff would agree to damages of $182,500.00, the calculation is as follows: in 2009 $422,500 was taken out, of which $120,000 was a distributed on April 16, 2009 presumably to cover the 2008 federal taxes of $103,165, leaving $302,500 for other distributions in 2009. Plaintiff's position as set forth in the experts' opinions is that during the divorce that withdrawal should have been challenged as a violation of the automatic restraining order. Plaintiff is willing to concede based upon Defendants' expert the court may have set a cap figure had the Parties not agreed upon a cap for spending which would have ranged from $10-$15,000/month (based upon the parties financial statements in 2010) This would have resulted in $120,000(presuming $10,000/mo) being withdrawn properly from the IRA, resulting in an excessive withdrawal of $182,500 for 2009, thus $91,250 in damages.

d. The same calculation when applied to 2010.  IRA withdrawal was $260,100.00. Based upon the same calculation as set forth above the excessive withdrawal would be $140,100.00. (divorce provided Menard would pay the taxes so it need not be included) therefore the damages plaintiff suffered were $80,650.00

e. Plaintiff could not have engaged in this type of a calculation until the conclusion of Defendant's expert testimony which occurred on March 18, 2015 and examination of documents which he relied upon produced the same day.

    f. Finally, Plaintiff argues and has continuously indicated that the 2008 IRA withdrawals of $517,000.00 should have been included. While Defendants may not agree with this, they can't deny that the figure has been provided to them throughout the litigation.

12. If the Court finds that Plaintiff's disclosure and supplementation was insufficient[i], then although the "baseline rule" is mandatory preclusion, preclusion is not a "strictly mechanical exercise." *Santiago–Diaz v. Laboratorio Clinico y de Referencia del Este,* 456 F.3d 272, 276 (1st Cir.2006).

13. In determining what remedy is appropriate, the Court will consider (1) the history of the litigation; (2) the proponent's need for the challenged evidence; (3) the justification (if any) for the late disclosure; (4) the opponent's ability to overcome its adverse effects—ie., the surprise and prejudice associated with late disclosure; and (5) the impact of the late disclosure on the Court's docket. *See, e.g., Macaulay v Anas,* 321 F.3d. 45, 51(2003); *Santiago–Diaz v. laborato Clinico Y De Referencia Del Este, et. al.,* 456 F.3d 272 (2006).

14. Plaintiff admits that she did not provide a detailed analysis of each damage category. Based upon her deposition transcript, she believed all Defendants' needed was the amounts of the various damages. (See deposition of Desimini pp 195-207)

15. Defendants in their Motion fail to set forth any rationale for their "need" for the calculations. Defendants admit that Plaintiff testified to the damages and provided her spreadsheet, but still seek the sanction, citing <u>MMS Ins Co v. Samsung Electronics Am., Inc</u>. 293 FRD 58 (D.N.H. 2013). The <u>MMS</u> case speaks merely to expert disclosure and not to the issues in this case.

16. Nor do Defendants set forth any surprise or prejudice. Clearly as stated above Plaintiff was deposed regarding each category of damage and merely had to provide the Defendant with the actual figures.

17. As to the IRA, spending during the pendency of the divorce there has been substantial discovery into this issue including Desimini deposition (pp 91-93, 105-106), as well as both Plaintiff and Defendants expert's reports and deposition testimony. Finally Plaintiff states that she provided to Defendants all of the documentation, including the IRA records. Defendant's only contention is that she did not create an adequate calculation of the damages. Defendant has failed to allege or show any prejudice which would require sanctions.

18. Plaintiff provided her statement of damages with documents and testified to same, all experts have opinioned as to the damages.

19. The parties clearly differ as to what damages will be proven at trial; however as to whether Plaintiff complied with Rule 26 this cannot be in dispute.

WHEREFORE, Plaintiff requests this Honorable Court DENY Defendants Motion for Sanctions in the alternative Plaintiff requests ten days to provide Defendant with same.

                                      Respectfully submitted,
                                      Felicia M. Desimini,
                                      By her attorney,

Dated: 4/19/15

                                      __/s/ Janet E. Dutcher
                                      Janet E. Dutcher, Esquire NH# 19371
                                      KAZAROSIAN COSTELLO & O'DONNELL LLP
                                      546 Main Street
                                      Haverhill, MA 01830
                                      (Tel.) 978-372-7758
                                      (Fax) 978-372-9299

**CERTIFICATE OF SERVICE**

      I, Janet E Dutcher, hereby certify that on this 19th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Defendant by electronically serving his counsel of record.

                                                                          /s/ Janet E. Dutcher  
                                                                       Janet E. Dutcher, Esquire

---

[i] Plaintiff notes that the Court made reference to her failure to properly follow the scheduling order. Plaintiff notes that she had agreed with the Defendants' position pursuant to Attorney Dowd's supplemental report and that Defendants' indicated they would withdraw same.