UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Felicia M. Desimini

   v.                                              Civil No. 14-cv-112-JD
                                                  Opinion No. 2015 DNH 097
John F. Durkin, Jr. and
Wilson, Bush, Durkin & Keefe, PC


O R D E R

Felicia M. Desimini brings claims against her former attorney, John F. Durkin, Jr., and his law firm, Wilson, Bush, Durkin & Keefe, PC that arose from Durkin's representation of Desimini during her divorce proceedings.  The defendants move to preclude Desimini from presenting evidence of damages as a sanction for failing to comply with discovery disclosure requirements.  Desimini objects.

The defendants also move for summary judgment based on their motion for sanctions.  They contend, based on the assumption that Desimini is precluded from introducing evidence of damages, she cannot prove her claims.  For that reason, they seek summary judgment on all of the claims.

I.  Motion for Sanctions

The defendants contend that Desimini failed to provide a computation of damages as required by Rule 26(a)(1)(A)(iii),

failed to provide supplemental damages information under Rule 26(e), and did not properly respond to their interrogatories about damages.  As a result, the defendants argue, Desimini should be precluded from presenting any evidence of damages.  In response, Desimini argues that she provided evidence of her damages, admits that she did not comply specifically with the requirements of Rule 26(a)(1)(A)(iii), and also contends that her mistakes are harmless.

    A.   <u>Standard of Review</u>

Rule 26(a) requires parties to disclose certain information without waiting for discovery requests.  Included in the required initial disclosures is "a computation of each category of damages claimed by the disclosing party."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  As the case progresses, the parties are required to supplement or correct previous discovery responses and disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion,

at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

B. Discussion

Desimini was proceeding pro se when the case began and through much of the discovery process cited in the defendants' motion.  During that time, she did not provide a computation of damages as part of her initial disclosures, did not provide damages information in response to the defendants' interrogatories, and did not supplement her disclosures.  The defendants did not move to compel appropriate responses to their interrogatories.[1]

Counsel entered an appearance on behalf of Desimini on October 17, 2014, and Desimini was represented by counsel at her deposition taken on October 16, 2014.  The defendants acknowledge, in a footnote, that Desimini provided information about her damages during her deposition and provided an itemization of damages after the deposition.  They state that

---

[1] The parties had substantial difficulties with discovery that generated a motion by the defendants for a protective order to require Desimini to be deposed in New Hampshire, which should have been a motion to compel Desimini to appear in this district for her deposition, and a motion by Desimini to extend the discovery deadlines, which was granted.

3

the deposition testimony does not excuse her failure to comply with Rule 26(a) and (e) and that the list is inadequate.

In her objection, Desimini cites her deposition testimony about money her ex-husband took out of an IRA account and his failure to pay her pursuant to the terms of their stipulation and the list of damages that she provided to the defendants. Desimini also states that the damages in the case have diminished because Desmini's ex-husband sold property in February of 2015 and paid her "a sizeable amount pursuant to the underlying divorce case." She further states that she has recalculated her damages based on the defendants' expert's testimony given in March of 2015. In paragraph eleven of her objection, Desimini lists the damages that she now claims.

Desimini's deposition testimony coupled with the damages list provided some information about Desimini's damages but appears to fall short of the computation of damages required by Rule 26(a)(1)(A)(iii). At least until now, it appears that neither Desimini nor her counsel provided a complete calculation of damages. Desimini argues that to the extent her disclosures were insufficient, her failure was harmless.

A failure of discovery is harmless if on balance "a multiplicity of pertinent factors" do not show a negative impact on fairness to the parties or the court's docket. Gagnon v.

Teledyne Princeton, Inc., 437 F.3d 188, 197 (1st Cir. 2006) (internal quotation marks omitted).  The pertinent factors include "the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects.  Surprise and prejudice are important integers in this calculation.  So too is an assessment of what the late disclosure portends for the court's docket."  Id. (quoting Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003)).

In this case, much of the delay in providing information about Desimini's damages occurred while she was proceeding pro se.  Although her counsel later apparently misunderstood the discovery burdens with respect to damages, there is no suggestion of malfeasance or improper tactical maneuvering.  The defendants also had notice generally of what Desimini claimed for damages, and the defendants' expert testified at his deposition about damages.

Importantly, as represented by Desimini, the landscape for damages changed significantly in February and March of this year, resulting in a lower amount.  For that reason, even if Desimini had timely disclosed her damages calculations, the calculations would have later changed.

Significant deadlines, however, have passed in the case. Discovery is closed, and the deadline for summary judgment motions is passed. On the other hand, trial is not scheduled until December of 2015.

On balance, this is not a situation in which harsh sanctions would be appropriate. The sanction the defendants seek, precluding all evidence of damages, with the result that summary judgment would be entered against Desimini, is the harshest sanction available under Rule 37(c). See Holmes Group, Inc. v. RPS Prods., Inc., 2010 WL 7867756, at *25 (D. Mass. June 25, 2006) (citing Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006)). Rule 37(c) offers less onerous sanctions to avoid unnecessarily harsh penalties, such as when a pro se litigant misunderstands her discovery obligations. Garcia v. Alicare Medical Mgt., 2010 WL 4116611, at *1 (D.N.H. Oct. 19, 2010).

Therefore, Desmini is not precluded at this time from offering evidence of damages. To the extent the defendants may require additional information or discovery on the issue of damages, that issue may be addressed by a joint motion of the parties to reopen discovery as needed.

II. <u>Motion for Summary Judgment</u>

Because the defendant's motion for sanctions is denied, their motion for summary judgment, which is dependent on sanctions being imposed, is also denied.

## Conclusion

For the foregoing reasons, the defendants' motion for sanctions (document no. 45) and motion for summary judgment (document 46) are denied.

If the parties intend to move to reopen discovery on the issue of damages, a joint motion for that purpose shall be filed no later than **June 1, 2015.**

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

May 12, 2015

cc: Janet Elizabeth Dutcher, Esq.
    Jeffrey H. Karlin, Esq.
    Marsha V. Kazarosian, Esq.
    Joseph Gardner Mattson, Esq.