UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Felicia M. Desimini

    v.                                        Civil No. 14-cv-112-JD
                                                      Opinion No. 2015 DNH 107
John F. Durkin, Jr. and
Wilson, Bush, Durkin & Keefe PC


O R D E R


Felicia M. Desimini brings claims against her former
attorney, John F. Durkin, Jr., and his law firm, Wilson, Bush,
Durkin & Keefe, PC that arose from Durkin's representation of
Desimini during her divorce proceedings.  The defendants move to
exclude or limit the opinions of Desimini's expert witness,
Jennifer Brooke Sargent.  Desimini objects.


Standard of Review

The testimony of expert witnesses is governed by Federal
Rule of Evidence 702.  Pages-Ramirez v. Ramirez-Gonzalez, 605
F.3d 109, 113 (1st Cir. 2010).  "A witness who is qualified as
an expert by knowledge, skill, experience, training, or
education may testify thereto in the form of an opinion or
otherwise if: (a) the expert's scientific, technical, or other
specialized knowledge will help the trier of fact to understand
the evidence or to determine a fact in issue; (b) the testimony

is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  As part of the court's gatekeeping function with respect to expert witnesses, the court must determine whether an expert is qualified to give the proffered opinion. Pages-Ramirez, 605 F.3d at 114.

Discussion

Desimini offers Sargent as an expert witness to testify about the standard of care applicable to her claims against the defendants.  The defendants challenge Sargent's opinions on the grounds that she is not qualified because she lacks experience in the area of family and divorce law and because her opinions about violations of the New Hampshire Rules of Professional Conduct are not relevant to Desimini's claims.  In response, Desimini contends that Sargent has sufficient experience in pertinent legal fields and that the Rules of Professional Conduct provide standards of professional responsibility that are relevant to the issue of legal malpractice.

The defendants filed a copy of Sargent's resume and excerpts from her deposition but did not file a copy of her expert report with their motion to exclude or limit her

2

testimony as required by Local Rule 7.1(a)(2).  While not
obligated to do so, the court searched the docket and found that
the defendants filed a copy of Sargent's report with their
motion for summary judgment (document no. 44).

The court has read the report.  The defendants have not
challenged specific opinions in the report.  Instead, the
defendants' motion appears to seek a ruling as a matter of law
that Sargent is not qualified to give any opinion related to the
standard of care and that opinions about ethics violations can
never be relevant to the standard of care in a legal malpractice
case.

A.  Qualifications

In her resume, Sargent states that she graduated from law
school in 1992 and worked as a judicial law clerk in the Vermont
Superior and Family Courts for the next year.  She was a staff
attorney, appellate defender, and managing attorney with the New
Hampshire Public Defender from August of 1993 to August of 2000,
although she spent a six-month period in 1997 as an associate at
McLane, Graf, Raulerson & Middleton.

Sargent taught criminal law and administered an internship
program at Vermont Law School from 2000 to 2002.  A few years
later, Sargent taught legal ethics, evidence, and criminal

procedure and administered externship programs at the law
school.  She served as a special justice in the Littleton,
Lancaster, and Haverhill District Courts from August of 2002 to
June of 2010.  From June of 2010 through April of 2011, Sargent
was chief prosecutor for the State of New Hampshire in attorney
discipline cases.

Currently, Sargent is a visiting associate professor of
writing at Dartmouth College and trains and coaches the
Dartmouth Moot Court Team.  Since 2005, Sargent has also been
part of the faculty at the National Judicial College in Reno,
Nevada.  In that capacity, she has taught judges on subjects
including evidence, criminal procedure, and judicial immunity.

The defendants argue that Sargent is not qualified to give
opinions about the applicable standard of care because she does
not practice in the area of domestic relations and divorce.
Neither the New Hampshire Supreme Court nor a court interpreting
New Hampshire law has held that a witness giving an expert
opinion about the standard of care in a legal malpractice case
must practice in the same area of law.

In the context of medical malpractice, the New Hampshire
Supreme Court has held that a "lack of specialization in a
particular medical field does not automatically disqualify a
doctor from testifying as an expert in that field." Goudreault

v. Kleeman, 158 N.H. 236, 246 (2009).  Other courts that have considered the question focus on whether the proffered expert in a legal malpractice case is familiar with the issue on which the expert is expected to provide an opinion.  See, e.g., Cadle Co. v. Sweet & Brousseau, P.C., 2006 WL 43229, *4 (N.D. Tex. Feb. 23, 2006); Weber v. Sanborn, 526 F. Supp. 2d 135, 147 (D. Mass. 2007); Bush v. Goren, 2011 WL 321637, at *5 n.7 (Mich. App. Feb. 1, 2011); Young v. Rutkin, 830 A.2d 340-344-45 (Conn. App. 2003).

Sargent's deposition testimony suggests a lack of familiarity with certain aspects of a divorce case.  The defendants have not shown, however, that this necessarily disqualifies Sargent from the specific opinions she offers. Therefore, the defendants have not shown that Sargent is unqualified under Rule 702 to testify to the opinions she provided in her report.  Further, the defendants' criticisms of Sargent's background and experience would appear to go to the weight of her opinions rather than to their admissibility.

B.  Opinions Based on the Rules of Professional Conduct

The defendants move to preclude Sargent from testifying about whether Durkin's representation violated the New Hampshire Rules of Professional Conduct.  In support, the defendants argue

that Sargent provides opinions that Durkin violated ethical rules which are improper because ethical rules do not provide the standard of care in legal malpractice cases.  Desimini responds that although violation of the Rules of Professional Conduct do not prove professional negligence, per se, such evidence is relevant to legal malpractice.

A plaintiff cannot rely on a violation of the New Hampshire Rules of Professional Conduct alone to "establish the defendant's duty and breach" for purposes of a legal malpractice claim.  Wong v. Ekberg, 148 N.H. 369, 375 (2002).  Although the New Hampshire Supreme Court has not addressed the issue, most jurisdictions hold that opinions about violations of ethical rules are relevant to the standard of care in legal malpractice cases.  See Mainor v. Nault, 101 P.3d 308, 320-21 (Nev. 2004) (citing cases); Baxt v. Liloia, 714 A.2d 271, 275 (N.J. 1998) (citing cases); Smith v. Haynsworth, Marion, McKay & Geurard, 472 S.E. 2d 612, 613-14 (S.C. 1996) (citing cases); Allen v. Lefkoff, Duncan, Grimes & Dermer, P.C., 453 S.E. 2d 719, 720-21 (Ga. 1995) (following majority).  Closer to home, Massachusetts courts hold that violations of ethical rules provide some evidence of legal malpractice.  See Sears, Roebuck & Co. v. Goldstone & Sudalter, 128 F.3d 10, 19 (1st Cir. 1997).

On the other hand, the Supreme Court of Washington held
that ethics rules do not provide the standard of care for a
malpractice case, but the court also held that experts "may
still properly base their opinion . . . on an attorney's failure
to conform to an ethics rule . . . [as long as] the expert
[addresses] the breach of the <u>legal</u> duty of care, and not simply
the supposed breach of the ethics rules." Hizey v. Carpenter,
830 P.2d 646, 654 (Wash. 1992).  To the extent <u>Hizey</u> precludes
opinions of violation of ethics rules, however, it is in the
minority.

Sargent summarizes her opinion as follows:  "Attorney
Durkin violated [the New Hampshire Rules of Professional Conduct
1.1, 1.3, 1.4, and 1.5] in several ways.  His violations of the
Rules of Conduct are directly relevant to demonstrating a breach
or breaches of the standard of care for representing Ms.
Desimini in her divorce action."  Sargent continues on to give
examples of Durkin's conduct that she believes violated the
cited rules.

Given the majority view that an expert witness's opinions
about whether a defendant's conduct violated ethical rules may
be relevant to the standard of care in legal malpractice cases,
the defendants have not shown that as a matter of law Sargent's
opinions about violations of the New Hampshire Rules of

Professional Conduct are precluded. In the absence of developed argument based on specific opinions in Sargent's report, the court cannot evaluate the other grounds for excluding opinions based on ethical violations that the defendants briefly raise, including application of Federal Rule of Evidence 403.

## Conclusion

For the foregoing reasons, the defendants' motion to exclude or limit the expert opinion testimony of Jennifer Sargent (document no. 42) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
_____
Joseph DiClerico, Jr.
United States District Judge

May 27, 2015

cc:  Felicia M. Desimini, Esq.
     Janet Elizabeth Dutcher, Esq.
     Jeffrey H. Karlin, Esq.
     Marsha V. Kazarosian, Esq.
     Joseph Gardner Mattson, Esq.