UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

* * * * * * * * * * * * * * * * * * *
Felicia M. Desimini            )
Plaintiff                      )
                               )
v.                             )
                               )
John F. Durkin, Jr.            )
And                            )         Civil Action No. 1:14-cv-00112-JD
Wilson, Bush, Durkin &Keefe, PC )
Defendants )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ALLOW ADJUSTER
TO PARTICIPATE IN MEDIATION BY TELEPHONE**

The Defendants, in this legal negligence action, have motioned this Honorable Court to allow the adjuster to participate in Mediation by telephone. For the following reasons the Plaintiff Objects and asks that their Motion be DENIED due to their lack of showing good cause.

1. On 9/16/2016, this Honorable Court did Order the parties to mediate the underlying case before this Court's Magistrate Judge.

2. The parties submitted available dates to the Magistrate Judge's Deputy and all agreed to a January 5th, 2017, 9am mediation.

3. The Defendants have an insurance policy which covers their negligence up to certain limits. The Defendants' policy has a rider provision which covers all legal fees.

4. The Defendants do not have authority to settle the underlying case for the insurance company. Thus, an authorized representative with full authority to settle from the insurance company <u>must</u> attend the Court Ordered mediation.

5.  On 9/28/2016 at 3:36 PM EDT this Honorable Court issued a NOTICE of Mediation

    Hearing. Doc #96. Said Notice states "...SHALL APPEAR AT THE MEDIATION

    WITH THE PERSON OR PERSONS HAVING FULL AUTHORITY TO NEGOTIATE

    AND TO SETTLE THE CASE ON ANY TERMS."

6.  Before this Honorable Court issued its NOTICE of Mediation Hearing on  9/28/2016 at

    3:36 PM EDT the Defendants filed, on 9/28/2016 at 3:09 PM EDT , their Motion to

    Allow Adjuster to Participate in Mediation by Telephone by John F. Durkin, Jr. (Karlin,

    Jeffrey). Doc# 95

7.  Not only does the Defendants' Motion precede the **Notice of Mediation Hearing,** it does

    not identify the adjuster has having "the full authority to settle the case on any terms" up

    to the policy limits of the Defendants' coverage.

8.  The Plaintiff has had numerous discussions with the Defendants, through their attorney,

    and they have represented that "All necessary parties, including the insurance company,

    are privy to and involved in the decisions under consideration."

9.  During said discussions, the plaintiff has repeatedly asked the Defendants, long before,

    since she hired her former attorney, and recently, to reasonably settle the case so as to

    lessen the time and expenses for all involved, especially this Honorable Court's.

10. In response, the Defendants have repeatedly put forth a nuisance settlement offer.

11. Now the defenses' avoidance of an in-person appearance by "the adjuster" is cause for

    much concern.

12. The Plaintiff respectfully requests that mediation occur with a good faith effort to reach a

    fair and reasonable settlement, with all parties appearing in person, especially the

individual with the "full authority to settle the case on any terms" up to the limits of the

Defendants' policy limits and having the requisite knowledge of the case to settle.

13. The Plaintiff respectfully requests that the Magistrate Judge have the opportunity to

query, in person, "the adjuster" to ascertain her knowledge of the case and her "authority

to settle on any terms." Justice requires that "the adjuster" be fully engaged in the

mediation and appear in person.

14. Under the Fed. Rules of Civil Procedure the Defendants have the right to ask for an

audio/video appearance upon a showing of good cause for such a request.

15. The Defendants have offered that "the adjuster" can attend mediation and "... she will

need to schedule flights arriving the morning of the mediation and departing that

afternoon or evening after the mediation is concluded." This is not a showing of good

cause to appear by telephone. Likewise "the adjuster" can arrive the evening before

mediation and depart the evening of mediation, thus affording more than a full day of

mediation.

16. "The adjuster," according to Plaintiff's exhibit 1, is from River Edge, NJ which is 25

miles from Newark, NJ. ( See Exhibit 1)

17. Flights from Newark, NJ to Manchester, NH are numerous, (see Plaintiff's exhibit 2.)

18. "The adjuster" works in New York and is a member of the State Bar of New York (see

Plaintiff's exhibit 3.) This fact was not disclosed by the Defendants.

19. The Plaintiff lives in Alaska which is 4 times zones and over 4,000 miles from Concord,

NH and the plaintiff will appear at mediation in person.

20. Should this Honorable Court allow "the adjuster" to make a long distance appearance, the

Plaintiff respectfully requests that this Honorable Court require "the adjuster" to file an

affidavit stating her knowledge of the case, her authority to settle the case up to the limits of the defendant's policy limits, and that "the adjuster" appear via video conference so the Magistrate Judge can ascertain all the parties' good faith efforts and involvement through the use of visual cues.

21. The Plaintiff respectfully requests that all parties including "the adjuster" attend meditation in person so that all involved are equally vested in the settlement process, especially the person having full authority to settle on all terms.

WHEREFORE, Plaintiff requests this Honorable Court DENY the Defendants MOTION TO ALLOW ADJUSTER TO PARTICIPATE IN MEDIATION BY TELEPHONE.

Respectfully submitted,
Felicia M. Desimini, in pro se

Dated: 10/6/16

  /s/ Felicia M. Desimini
Felicia M. Desimini
4409 E. Crane Rd.
Wasilla, AK 99654
907-631-3531

## CERTIFICATE OF SERVICE

I, Felicia M. Desimini  , hereby certify that on this  6th day of  October, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Defendant by electronically serving his counsel of record.

  /s/ Felicia M. Desimini
Felicia M. Desimini